Monica (Miller) LEMLEY, Appellant,

v.

Jeffrey Wayne MILLER, Appellee.

No. 03–96–00280–CV.

Court of Appeals of Texas,
Austin.

Oct. 9, 1996.

A. Michelle May, Belton, for Appellant.

Fancy H. Jezek, Holbrook & Jezek, Harker Heights, for Appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

PER CURIAM.

After Jeffrey Miller made a special appearance to challenge the trial court's jurisdiction, the trial court declined to exercise jurisdiction over Monica Lemley's motion to modify the visitation provisions in a suit affecting the parent-child relationship originally filed in Oklahoma. Lemley raises three points of error. We conclude that the trial court had jurisdiction. We will reverse the

trial court's judgment and remand the case to the trial court for further proceedings.

## BACKGROUND

Several pertinent facts are undisputed. Monica Lemley and Jeffrey Miller were married in Oklahoma and had one child during their marriage. On February 22, 1993, they were divorced in Oklahoma. In the related suit affecting the parent-child relationship, the court appointed Lemley managing conservator and Miller possessory conservator. Miller was entitled to periods of visitation with the child and was ordered to pay child support to Lemley. From November 1992 until March 1993, the minor child resided in Louisiana with Lemley. From March 1993 until November 1994, the minor child resided with Lemley, her new husband, and a child from her current marriage in Harker Heights, Texas. From January 1995 to November 1995, the minor child, and the Lemley family, resided in Germany solely because of Mr. Lemley's transfer for active military duty. Lemley returned to Texas with the minor child and resided in Texas from November 1995 until Lemley filed this modification of visitation lawsuit on December 7, 1995. Miller continues to reside in Oklahoma.

Lemley filed a suit seeking, among other things, to modify the visitation provisions of the Oklahoma divorce decree. By her petition, Lemley claimed that the trial court had subject matter jurisdiction over the lawsuit because the minor child had resided in Bell County for six months *before* moving to Germany.

Objecting to the Bell County district court's personal and subject matter jurisdiction, Miller filed a special appearance. *See* Tex.R.Civ.P. 120a. After hearing testimony, and considering counsels' arguments and agreements, the trial court agreed with Miller that it lacked jurisdiction and dismissed the motion to modify. Lemley appeals.

By three points of error, Lemley contends that, because Miller's special appearance pleading was improperly verified, he made a general appearance before the court and thus the court's dismissal was improper. Additionally, Lemley contends that the trial court abused its discretion because the special appearance ruling did not comply with Texas Family Code section 152.003. Finally, Lemley contends that insufficient evidence supports the trial court's determination that it was without subject matter jurisdiction.

## ANALYSIS

By her third point of error, Lemley contends that Miller's special appearance pleading was not properly verified. Lemley complains about the affidavit submitted with Miller's motion. She contends that because the affidavit was filed by Miller's attorney rather than Miller personally, Miller made a general appearance before the trial court which automatically subjected him to the trial court's jurisdiction.

▉ Jurisdiction in child custody determinations is governed by the Family Code. *See* Tex.Fam.Code Ann. §§ 152.001–.025 (West 1996).[1] A "custody determination" means a court discussion, orders, or instructions providing for the custody of a child including visitation rights, but not including decisions related to child support. § 152.002(3). Satisfaction of the statutory provisions confers subject matter jurisdiction over the custody case as well as personal jurisdiction over a nonresident parent. *In re S.A.V.*, 837 S.W.2d 80, 85 (Tex.1992); *see also Shaffer v. Heitner*, 433 U.S. 186, 208, n. 30, 97 S.Ct. 2569, 2582, n. 30, 53 L.Ed.2d 683 (1977). In child custody cases, each party is required to set forth in the party's first pleading or in an affidavit attached to the pleading (1) where and with whom the child has lived within the last five years; (2) whether the party has participated in any other litigation concerning the child's custody in this or any other state; (3) whether the party has any information of any proceeding related to the child that is pending in this or any other state; and (4) whether the party knows of any person not a party to the proceedings who has physical custody of the child or claims to have custody or visitation rights. § 152.009(a).

1. All section number references will be to the current edition of the Texas Family Code.

A party may file a special appearance complaining about a trial court's jurisdiction by filing a sworn motion before filing any other pleading. Tex.R. Civ. P. 120a(1). The trial court determines the special appearance on the basis of the pleadings, any stipulations made by or between the parties, affidavits and attachments filed by the parties, the results of discovery processes, and any oral testimony presented at a hearing. Tex.R. Civ. P. 120a(3).

■ In this instance, the special appearance motion was filed first and was properly verified. *Bruneio v. Bruneio*, 890 S.W.2d 150, 154 (Tex.App.—Corpus Christi 1994, no writ). Miller's attorney filed an affidavit containing the information required to be submitted under oath pursuant to section 152.009(a). While Miller did not file a personal affidavit, the information required to be submitted to the trial court pursuant to section 152.009 was established at the special appearance hearing by testimony and the stipulations reached by the parties. *See Creavin v. Moloney*, 773 S.W.2d 698, 705 (Tex.App.—Corpus Christi 1989, writ denied) (though party failed to file required affidavit, testimony at special appearance hearing established section 152.009 factors). We overrule Lemley's third point of error.

By her first point of error, Lemley contends that the trial court abused its discretion in dismissing this suit because the court had jurisdiction to make a custody determination. By her second point of error, Lemley contends that the evidence was insufficient to support the trial court's finding that Texas did not have significant connections with the child.

The special principles for deciding whether a Texas court has jurisdiction over a child custody determination are provided in section 152.003 of the Texas Family Code. A Texas court has jurisdiction over a child custody dispute if Texas is the "home state" of the child on the date of the filing of the suit. § 152.003(a)(1). The child's "home state" is defined as the state in which the child lived with its parent for at least the six consecutive months immediately preceding the filing of the suit. § 152.002(6); *see Bruneio*, 890 S.W.2d 150 at 153. Periods of temporary

absence from the home state are counted as part of the six-month period. § 152.002(6).

When Texas is not the home state, it may still exercise jurisdiction over custody disputes in limited circumstances when (1) it appears that the child has no home state; and (2) it is in the best interest of the child because the child and at least one of its parents have a significant connection with Texas beyond mere physical presence; and (3) there is available in Texas substantial evidence concerning the child's present or future care, protection, training, and personal relationships. § 152.003(a)(2). The home state provision, section 152.003(a)(1), is the preferred method of establishing jurisdiction in a custody determination.

On appeal, Lemley argues that, pursuant to section 152.003(a)(1), the child's home state is Texas, and thus the trial court has jurisdiction over the custody modification. Lemley contends that the child's eleven-month residency in Germany was only a temporary absence from the state and, in accordance with section 152.002(6). Specifically, Lemley contends that, (1) because the child resided in Harker Heights for one and one-half years with Lemley immediately before the family moved to Germany for Lemley's husband's active military service and (2) because the child and Lemley returned directly to Harker Heights from Germany, the child's home state was Texas throughout the family's temporary relocation to Germany for active military service.

Miller responds that the parties agreed before the trial court that the child had no home state and that the only custody jurisdictional provision at issue was section 152.003(a)(2), the significant connection provision. Miller contends that because Lemley did not present the home state jurisdictional argument to the trial court she did not properly preserve the argument for this Court's review. We disagree.

■ Jurisdictional issues are not waivable. Parties may not by agreement deprive a court of jurisdiction. We will review the record to determine whether the court had jurisdiction under section 152.003(a)(1).

■ Under the facts presented, we conclude that Texas had jurisdiction to determine the motion to modify visitation. Lemley's and the child's absence from Texas was due solely to Lemley's husband's active military assignment to Germany. The child's residence with Lemley in Germany constituted a temporary absence from the state. The time in Germany, therefore, is considered time that Lemley and the child resided in Texas for purposes of establishing home state jurisdiction. *See* § 152.002(6). Important to our determination that the child's residency in Germany was a temporary absence is that, immediately before the family left for Germany, Lemley and the child resided in Harker Heights for one and one-half years. Additionally, when returning to the United States from Germany, Lemley and the child came back directly to Harker Heights where they continue to reside. Based upon the facts of this case, no other state but Texas had even the opportunity to become the child's home state.

The district court had subject matter jurisdiction over the modification of visitation proceeding pursuant to section 152.003(a)(1). Additionally, the trial court had jurisdiction over Miller. *S.A.V.*, 837 S.W.2d at 85.

■ Alternatively, even if Texas were not the child's home state, Texas is the only state with which the child and his mother had a significant connection. § 152.003(a)(2). Additionally, substantial evidence existed to show that the child's present and future care, protection, training and personal relationships were available in Texas. *Id.* The child's one and one-half years' residency in Texas before going to Germany, the child's direct return to the same community, and the fact that the child was receiving counselling in the community upon returning indicates a significant connection to Texas. § 152.003(a)(2).

We sustain Lemley's first and second points of error.

## CONCLUSION

We conclude that the trial court had jurisdiction. We reverse the trial court's order of dismissal and remand for further proceedings.

POWERS, J., not participating.