COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

                                                                              )                         No.  08-02-00330-CV

IN RE:  JANET COMPIS OATES,                       )

                                                      )                 AN ORIGINAL PROCEEDING

Relator.                  )     

                                                                              )                             IN MANDAMUS

                                                                              )

 

O
P I N I O N

 

In
this original proceeding, Janet Oates seeks mandamus relief following the trial
court=s refusal
to dismiss a suit for grandparent access filed by her late husband=s parents, C.W. and Elva Gay Oates.  Janet first contends that the Texas
grandparent access statute is facially unconstitutional in the wake of Troxel v. Granville.[1]  Alternatively, she argues that under the
Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), Texas lacks
subject matter jurisdiction.  Because we
do not reach constitutional issues unless absolutely required to do so to
resolve the appeal,[2]
we will address only the second point. 
For the reasons that follow, we grant relief.

FACTUAL SUMMARY








Janet
and Sammy Oates met and married in Odessa, Texas.  The couple separated in June 2000, and filed
for divorce in Ector County the next month. 
Temporary orders were entered appointing the parents as joint temporary
managing conservators of their three children, with Sammy having primary
possession.  While the divorce was still
pending, Janet moved to New York City while the children remained in Odessa
with their father.  Sammy passed away on
January 19, 2001.  At the time of his
death, the divorce had not been finalized. 
Rather than uproot the children immediately, Janet decided it was in their  best interest
to remain in Texas with both sets of their grandparents until a suitable
residence in New York City could be found. 
She was unable to locate a larger apartment until March 1.  The children were enrolled in school on March
20 and they moved to New York permanently in mid-April.[3]   

During
the parties=
separation, Sammy had attempted to change the beneficiary of his life insurance
policy from Janet to his father. 
However, the insurance company ultimately determined that Janet was the
rightful beneficiary.  The Oateses filed suit in early August claiming entitlement to
the benefits.  Three weeks later--on
August 30, 2001--the Oateses filed suit for
grandparent access.             Since the initiation of litigation,
the Oateses have not been allowed to visit with the
grandchildren or talk with them on the telephone.  They have offered to pay all expenses so that
the grandchildren can visit them in Odessa and they have offered to travel to
New York to visit.  The only
communication the Oateses have had with their
grandchildren is by exchanging letters and packages in the mail.

STANDARD OF REVIEW








Mandamus
will lie only to correct a clear abuse of discretion.  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992)(orig.proceeding).  An appellate court rarely interferes with a
trial court=s
exercise of discretion.  A clear abuse of
discretion warranting correction by mandamus occurs when a court issues a
decision which is made without reference to guiding principles of law or,
stated differently, is arbitrary and unreasonable.  See Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985)(orig.proceeding).  With respect to resolution of factual issues
or matters committed to the trial court=s
discretion, the reviewing court may not substitute its judgment for that of the
trial court.  Walker, 827 S.W.2d at 839‑40. 
The relator must therefore establish that the
trial court could reasonably have reached only one decision.  Id.  Even if the reviewing court would have decided
the issue differently, it cannot disturb the trial court=s
decision unless it is shown to be arbitrary and unreasonable.  Id.  With respect to a trial court=s determination of the legal principles
controlling its ruling, the standard is much less deferential.  A trial court has no discretion in
determining what the law is or in applying the law to the facts.  A clear failure by the trial court to analyze
or apply the law correctly will constitute an abuse of discretion, and may
result in appellate reversal by extraordinary writ.  Walker, 827 S.W.2d
at 840.  A writ of mandamus is an
appropriate means to require a trial court to vacate a void order arising out
of an erroneous assertion of jurisdiction under the UCCJEA.  Geary v. Peavy,
878 S.W.2d 602, 604‑05 (Tex. 1994)(mandamus
appropriate remedy to challenge jurisdiction under former UCCJA); In re
Calderon-Garza, 81 S.W.3d 899, 902 (Tex.App.--El
Paso 2002, orig. proceeding)(mandamus appropriate rememdy
to challenge jurisdiction under UCCJEA). 
Subject matter jurisdiction is a question of law which we review de
novo.  Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).    








An
appellate court will deny mandamus relief if another remedy, usually appeal, is
available and adequate.  Street v. Second Court of Appeals, 715 S.W.2d 638, 639‑40
(Tex. 1986)(orig. proceeding).  However, in jurisdictional disputes arising
from child custody proceedings, the relator need not
demonstrate the inadequacy of an appellate remedy.  In re Calderone-Garza, 81 S.W.3d at 902; In re Lambert,
993 S.W.2d 123, 127 (Tex.App.--San Antonio 1999,
orig. proceeding); In re Jeffries, 979 S.W.2d 429, 433 (Tex.App.--Waco 1998, orig. proceeding). 

PLEA TO THE JURISDICTION

A
plea to the jurisdiction is a dilatory plea by which a party contests the trial
court=s
authority to determine the subject matter of the cause of action.  See, e.g., State v.
Benavides, 772 S.W.2d 271, 273 (Tex.App.--Corpus
Christi 1989, writ denied).  The
petitioner has the burden to allege facts that affirmatively show the trial
court has subject matter jurisdiction.  See Texas Ass=n
of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  A respondent may assert in the plea that
another court has exclusive jurisdiction or that the petitioner has made
fraudulent allegations for the purpose of conferring jurisdiction.  In re Brilliant, 86 S.W.3d 680 (Tex.App.--El Paso 2002, 
no pet.); see Michol O=Connor, O=connor=s Texas Rules & Civil Trials 2002, Commentaries
175, 176-77 (2002).  In deciding whether
to grant or deny a plea to the jurisdiction, the court need not look solely to
the pleadings but may consider evidence and must do so when necessary to
resolve the jurisdictional issues raised.  Bland Independent School
District v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).

UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT
ACT








Jurisdiction
here is predicated upon the UCCJEA which Texas adopted effective September 1,
1999.  The Act was designated to address
the Ainconsistency
of interpretation of the [former] UCCJA and the technicalities of applying the
PKPA.@  McGuire v. McGuire, 18 S.W.3d 801, 806
(Tex.App.--El Paso 2002, no pet.), citing
Sampson & Tindall, Tex.Fam.Code Ann. ''
152.001, Introductory Comment, p. 410 (1999). 

Statutory Construction

When
construing a statute, we must consider the statute as a whole rather than its
isolated provisions.  Helena
Chemical Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001); In re
Calderon-Garza, 81 S.W.3d at 902. 
One provision should not be given meaning out of harmony or inconsistent
with other provisions.  Id.  The well-established rules of statutory
construction require us to presume that the entire statute is intended to be
effective.  See Tex.Gov=t Code Ann. '
311.021(2)(Vernon 1998).

Initial Custody Determination
or Modification?

Under
the UCCJEA, temporary orders may qualify as a child custody determination
regardless of whether the divorce was finalized and the decree signed.  Section 152.102(3) provides:

>Child custody determination= means a judgment, decree, or other
order of a court providing for legal custody, physical custody, or visitation
with respect to a child. The term includes permanent, temporary, initial, and
modification orders.  The term does not
include an order relating to child support or another monetary obligation of an
individual.

 

Tex.Fam.Code Ann. '
152.102(3)(Vernon 2002).  Here, the court originally designated Sammy
and Janet as joint temporary managing conservators of their three children,
with Sammy having primary possession.  In
the absence of specific provisions to the contrary in an order establishing conservatorship, the death of a parent managing conservator
terminates the conservatorship order.  See Greene v. Schuble,
654 S.W. 2d 436, 437-38 (Tex. 1983). 
Because no orders have been issued by a New York court, we must approach
the jurisdictional issue in the context of an initial custody
determination.  








Analysis of Home State Status

Since
the Act prioritizes home state jurisdiction, we must conduct this analysis
first.  Sampson & Tindall, Tex.Fam.Code
Ann. ''
152.001, Commissioners=
Official Prefatory Note to UCCJEA, p. 464 (2001).  Under the clear language of the Texas UCCJEA,
the date for determining whether Texas has jurisdiction is the date of
commencement of the proceeding in Texas. 
In re McCoy, 52 S.W.3d 297, 305 (Tex.App.--Corpus Christi 2001, pet. denied).  ACommencement@ is defined as Athe
filing of the first pleading in a proceeding.@  Tex.Fam.Code Ann. ' 152.102(5).   The grandparents filed suit in Texas on
August 30, 2001.  That date determines
whether the UCCJEA confers jurisdiction on a Texas court.

We
must next address the interplay between Section 152.201(a) and Section
152.102(7).  Section 152.201(a) provides
that a Texas court has jurisdiction to make an initial child custody
determination only if Texas Ais
the home state of the child on the date of the commencement of the
proceeding . . . .@  [Emphasis added].  AHome
state@ as used
in this statute is defined in Section 152.102(7) as:

[T]he state in which
a child lived with a parent or a person acting as a parent for at least six
consecutive months immediately before the commencement of a child custody
proceeding. In the case of a child less than six months of age, the term means
the state in which the child lived from birth with a parent or a person acting
as a parent. A period of temporary absence of a parent or a person acting as a
parent is part of the period.  [Emphasis
added].

 








Tex.Fam.Code Ann. ' 152.102 (7).  The date of the commencement of the child
custody proceeding is used as a point of reference from which to determine the
child=s home
state according to the specific definition provided in Section 152.102(7).  In re Calderon-Garza,
81 S.W.3d at 902.  And the specific
definition of Ahome
state@ requires
us to determine where the child lived immediately before the commencement of
the proceeding.  Id.  Under Section 152.102(7), Texas would only have
jurisdiction if the children had lived here with a parent or a person acting as
a parent for at least six months immediately before suit was filed.  Sammy died more than six months before suit
was instituted.  Consequently, his
residence with the children will not suffice to confer home state
jurisdiction.  The children lived with
their grandparents from January 19, 2001 until mid-April 2001, or roughly three
months.  The Oateses
could possibly be viewed as persons Aacting
as a parent@ during
that three month period.  But the Family
Code defines a Aperson
acting as a parent@ as
someone who had physical custody of the child for Aa
period of six consecutive months . . . within one year immediately before the
commencement of a child custody proceeding.@  Tex.Fam.Code Ann. ' 152.102(13).  Since the grandparents never had physical
custody for six months, they never achieved the status of Apersons acting as a parent.@ 
Because the children did not live in Texas with a parent or a person
acting as a parent for six consecutive months immediately before the
commencement of the suit, Texas does not qualify as the children=s home state.








We
must next determine whether New York had become the children=s home state.  When suit was filed on August 30, 2001, the
children had only been living in New York with their mother for a little over
four months.  Nevertheless, Janet argues
that the six month residency requirement began on the date of Sammy=s death rather than on the date the
children physically arrived in New York. 
She directs us to Section 103.001(c) of the Family Code which provides
that A[a] child
resides in the county where the child=s
parents reside or the child=s
parent resides, if only one parent is living . . . .@  Tex.Fam.Code
Ann. ' 103.001(c)(Vernon
2002).  Janet contends that the children=s residence was established in New York
once Sammy died because as the sole surviving parent, her residence was
determinative.  We disagree.  Chapter 103 relates to venue and intrastate
transfer when Texas has subject matter jurisdiction.  The Family Code does not contemplate
interstate transfers.  Coots
v. Leonard, 959 S.W.2d 299, 307 (Tex.App.--El
Paso 1997, no pet.).  We conclude
that New York did not have home state jurisdiction either.  Since the children had no home state at the
time suit was filed and Texas was not the children=s
home state for six consecutive months immediately before suit was filed, we
must turn to the issue of significant connection.       

Significant
Connection Jurisdiction

Significant
connection jurisdiction should be employed only when Texas is not the home
state and it appears that no other state could assert home state
jurisdiction.  Lemley v. Miller, 932
S.W.2d 284, 286 (Tex.App.--Austin 1996, no pet.).  The applicable statute provides:

[A] court of this state has jurisdiction to make an initial
child custody determination only if:

(2) a court of another state does not have jurisdiction under
Subdivision (1) . . . and:

 

(A) the child and the child=s
parents, or the child and at least one parent or a person acting as a parent,
have a significant connection with this state other than mere physical
presence; and

(B) substantial evidence is available in this state concerning
the child=s care,
protection, training, and personal relationships.

 

Tex.Fam.Code Ann. '
152.201(2)(A)(B).








The
grandparents claim that since the children lived in Texas from birth through
April 2001, Texas has the most significant connection with the children.  While their argument is both logical and
reasonable, it is statutorily prohibited. 
Since we have established that the Oateses did
not attain the status of Apersons
acting as a parent@ as that
phrase is defined, Texas cannot invoke significant connection
jurisdiction.  Tex.Fam.Code Ann. '
152.201(a)(2)(A). 
While the children may well have a significant connection to the state
of Texas, the statute requires more. 
There must also be a parent or a person acting as a parent with a
significant connection to the state.  The
Oateses do not meet either criteria.  There being no basis on which Texas may
assert jurisdiction, we need not address the issue of forum non conveniens.

We
sustain Issue Two and conditionally grant relief.  The writ of mandamus will issue only if the
trial court does not dismiss the suit for want of jurisdiction.

 

 

January 16, 2003

                                                                         


                                                                                    ANN
CRAWFORD McCLURE, Justice

 

Before Panel No. 5

McClure, Chew, JJ.,
and Preslar, C.J. (Ret.)

Preslar,
C.J. (Ret.)(sitting by assignment)

 











[1]  530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49
(2000).





[2]  San Antonio General Drivers, Helpers Local No. 657 v. Thornton, 156 Tex. 641, 647, 299 S.W.2d 911, 915 (1957). 





[3]  The parties dispute whether the move actually occurred on April
15 or April 18, but the time differential is of no significance here.