**In the Interest of Y.M.A. and Y.M.A.**

**No. 2–02–234–CV.**

Court of Appeals of Texas,
Fort Worth.

July 3, 2003.

Verner & Brumley, P.C., Jimmy L. Verner, Jr., Dallas, for appellant.

James Bright, Dallas, for appellee.

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Mohamed–Sami Afifi (Husband) appeals the trial court's order granting Lamia Soliman's (Wife) motion for expedited enforcement of foreign child custody determination. In two issues, he argues that (1) the trial court erred in granting the motion because the determination was based on an irrebuttable presumption under Egyptian law that a mother shall have custody of a male child until the child is ten years old, and (2) the trial court erred in granting the motion because Wife had previously sought general, affirmative relief from the Texas courts and therefore was estopped from relying upon a temporary order from an Egyptian court.[1] We affirm.

## Factual Background

Husband and Wife were married on March 11, 1994. They had two children, Y.A., born in Dallas, Texas and Y.S., born in Egypt. The family lived in Egypt until January 15, 2001, when Wife alleged that Husband abducted Y.A., the older son, and brought him to the United States. In February of 2001, Wife filed for custody of the children in an Egyptian court. Husband filed for divorce in Texas in August of 2001. Wife answered the Texas suit in June 2002 and filed a counterpetition seeking divorce and appointment as sole managing conservator of the children. At the time of the filing, Y.A. lived with Husband in the U.S., and Y.S. lived with Wife in Egypt. Wife had temporary orders from

an Egyptian court that required Husband to deliver Y.A. to her. On June 27, 2002, Wife filed her motion for expedited enforcement of foreign child custody determination. After a hearing, the court granted her motion on July 2, 2002.

## Egyptian Law Presumption

 In his first issue, Husband alleges that the trial court erred in granting the motion because the determination was based on an irrebuttable presumption under Egyptian law that a mother shall have custody of a male child until the child is ten years old. He argues that this presumption is unconstitutional under the Equal Rights Amendment to the Texas Constitution.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. TEX.R.APP. P. 33.1(a); *see also* TEX.R. EVID. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. Furthermore, the complaint on appeal must be the same as that presented to the trial court. *Banda v. Garcia,* 955 S.W.2d 270, 272 (Tex.1997) (holding that an appellate court cannot reverse based on a complaint not raised in the trial court); *Rogers v. Stell,* 835 S.W.2d 100, 101 (Tex.1992).

Under appellate rule 34.6, an appellant must request in writing that the official reporter prepare the reporter's record. TEX.R.APP. P. 34.6(b)(1). Although Husband failed to file a reporter's record of the enforcement hearing with his appeal, he did file it when he originally filed a

1. Wife did not submit to this court a brief in response.

mandamus with this court. Accordingly, we take judicial notice of the reporter's record filed in the mandamus proceeding. *See In re J.G.W.,* 54 S.W.3d 826, 833 (Tex. App.-Texarkana 2001, no pet.); *Trevino v. Pemberton,* 918 S.W.2d 102, 103 n. 2 (Tex. App.-Amarillo 1996, orig. proceeding) (holding that an appellate court may judicially notice its own records in the same or a related proceeding).

During the enforcement hearing, Husband argued that his rights to due process under the United States Constitution and the Constitution of the State of Texas were violated because he failed to receive notice of the lawsuit. He also argued that to enforce the laws of Egypt would be a clear violation of the standards of human rights. *See* TEX. FAM.CODE ANN. § 152.105(c) (Vernon 2002) (stating that a court of this state need not apply this chapter if the child custody law of a foreign country violates fundamental principles of human rights). On appeal, he alleges that the Egyptian presumption that a mother shall have custody of a child is unconstitutional under the Equal Rights Amendment to the Texas Constitution. TEX. CONST. art. I, § 3a. Because the record does not reflect that Husband raised this argument at the hearing, and his point on appeal is not the same as any argument raised in the trial court, Husband has failed to preserve error for our review.[2] *See* TEX.R.APP. P. 33.1; *Banda,* 955 S.W.2d at 272. Thus, Husband's first issue is overruled.

## Motion for Expedited Enforcement

◼ In his second issue, Husband argues that the trial court erred in granting the motion because Wife had previously sought general, affirmative relief from the Texas courts and therefore was estopped from relying upon a temporary order from an Egyptian court. He claims Texas has jurisdiction over the entire case, not Egypt.

A complaint that the trial court lacked subject matter jurisdiction raises fundamental error and therefore may be made at any time on appeal. *See Tullos v. Eaton Corp.,* 695 S.W.2d 568, 568 (Tex.1985); *Tarrant County v. Vandigriff,* 71 S.W.3d 921, 925 (Tex.App.-Fort Worth 2002, pet. denied). Under the Uniform Child Custody Jurisdiction and Enforcement Act (UCJEA), a Texas court shall treat a foreign country as if it were a state of the United States for the purpose of applying subchapter B and subchapter C, which concern general provisions and jurisdiction. TEX. FAM.CODE ANN. § 152.105(a). Thus, a child custody determination made in a foreign country under factual circumstances in substantial conformity with the jurisdictional standards of this chapter must be recognized and enforced. *Id.* §§ 152.105(b), 152.303.

To meet the jurisdictional standards of this chapter, we look to section 152.201, which states the following test for initial child custody jurisdiction:

(a) Except as otherwise provided in Section 152.204, a court of this state has jurisdiction to make an initial child custody determination only if:

(1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and

---

**2.** In a postsubmission letter, Husband conceded that the record does not specifically make any reference to the Texas Equal Rights Amendment; however, he argues that the issue was adequately brought before the trial court. We disagree. Although he argued at the hearing that the Egyptian presumption violated his rights as a father, this argument was not specific enough to make the trial court aware that he was raising a complaint under the Texas Equal Rights Amendment. *See* TEX.R.APP. P. 33.1(a)(1)(A).

the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) a court of another state does not have jurisdiction under Subdivision (1)....

(3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or

(4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

*Id.* § 152.201(a).

The date of the commencement of the child custody proceeding is used as the point of reference from which to determine the child's home state. *In re Oates,* 104 S.W.3d 571, 576–77 (Tex.App.-El Paso 2003, orig. proceeding). The family code defines "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." Tex. Fam.Code Ann. § 152.102(7). "Commencement" is defined as "the filing of the first pleading in a proceeding." *Id.* § 152.102(5).

On August 24, 2001, Husband filed for divorce and requested appointment as temporary sole managing conservator. He represented to the court that there were no other court-ordered relationships affecting the children. Prior to Husband's filing for divorce, Husband and Y.A., the oldest son, had been living in Tarrant County for over six months.[3] Because Y.A. had lived in Texas for six consecutive months immediately before the first proceeding was filed in Texas, Texas would have been the child's home state under section 152.201(a)(1). *Id.* § 152.201(a)(1). However, our analysis does not stop here because section 152.201 states that Texas has jurisdiction to make an initial custody determination *only if* section 152.201(a)(2) applies. *Id.* § 152.201(a)(1),(2).

Section 152.201(a)(2) allows Texas to make an initial child custody determination if "a court of another jurisdiction does not have jurisdiction under Subdivision (1)." *Id.* § 152.201(a)(2). Because the family code requires a court of this state to treat a foreign country as if it were a state of the United States for purposes of jurisdiction, Texas must consider the court proceedings in Egypt to determine if the Egyptian court had jurisdiction over the child custody proceeding. *See id.* § 152.105(a).

Wife filed a lawsuit "Claiming Custody of Her Two Sons" in an Egyptian court in the session of February 28, 2001. Husband was "served [and] notified to be questioned about the content of the complaint, [but] he did not appear in spite of giving him notice legally." The Egyptian court released its final custody judgment, which required the return of Y.A. to Wife, on October 24, 2001. After applying section 152.201(a)(1) to these facts, Egypt is clearly the child's home state and thus has jurisdiction of the initial child custody determination. Section 152.201(a)(1) states that jurisdiction is appropriate if "this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent ...

---

**3.** According to Wife's counterpetition for divorce, Husband illegally abducted Y.A. from Egypt, where the family had been living, and brought him to the United States on January 15, 2001.

continues to live in this state." *Id.* § 152.201(a)(1). The family had lived in Egypt within the six months before commencement of Wife's proceeding. Although Husband had taken Y.A. to Texas approximately one month before Wife filed the Egyptian proceeding, Wife continued to live in Egypt despite Y.A.'s absence. Thus, Egypt was the child's home state and had jurisdiction to make the initial child custody order. *See id.* Because Egypt, which is considered a state of the United States for applying jurisdictional rules, had jurisdiction of the case under section 152.201(a)(1), a Texas court would have no jurisdiction over the case. *See id.* § 152.201(a)(1), (2).[4]

Once Wife had the Egyptian order, she filed her motion for expedited enforcement under section 153.308. *Id.* § 153.308. The Texas court was then bound by section 152.303 to recognize and enforce the order because the Egyptian court exercised jurisdiction in conformity with the Texas jurisdictional requirements. *See id.* § 152.303 ("A court of this state shall recognize and enforce a child custody determination of a court of another state if the latter court exercised jurisdiction in substantial conformity with this chapter. . . ."). Thus, the trial court properly granted Wife's motion for enforcement and properly ordered Husband to surrender Y.A. to Wife. Accordingly, Husband's second issue is overruled.

### Conclusion

Having overruled both of Husband's issues, we affirm the trial court's judgment.

---

4. Husband argues that when Wife filed her counterpetition in Texas, she was seeking general, affirmative relief and thus was subjected to the jurisdiction of the court for all purposes. He contends she cannot then later file a motion for expedited enforcement of a child custody determination and claim that Texas does not have jurisdiction over the child custody proceeding because of the Egyptian order. This argument fails because it does not recognize the general principle that participation in a custody proceeding does not, by itself, give the court jurisdiction over any issue for which personal jurisdiction over the individual is required. *See* TEX. FAM.CODE ANN. § 152.109(a). Furthermore, it does not consider the fact that Texas never had jurisdiction over the child custody determination so it does not matter that she filed the motion for expedited enforcement after her counterpetition. Wife was simply trying to enforce the Egyptian order in the manner required under section 153.308. *Id.* § 153.308.