**In re Russell POWELL.**

**No. 09–03–394 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 18, 2003.

Decided Nov. 6, 2003.

Jack Lawrence, Beaumont, for appellant.

Bevil B. Wright, Silsbee, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

### OPINION

DON BURGESS, Justice.

Russell Powell seeks a writ of mandamus against Judge Earl B. Stover, III, of the 88th District Court of Hardin County,

Texas. Powell complains of the order denying his motion to dismiss for lack of jurisdiction and the trial judge's opinion letter denying his plea in abatement. Powell asks this Court to direct the judge to vacate the order and letter, and to transfer the case, or the portions dismissed, to the Chancery Court of Hawkins County, Tennessee.

■ Both children, D.B.P. and D.T.P. were born in Texas. The younger child, D.T.P., has never resided anywhere but Texas; therefore Texas is his home state. *See* TEX. FAM.CODE ANN. § 152.102(7) (Vernon 2002). Accordingly, the trial court did not abuse its discretion in denying the motion to dismiss or plea in abatement in regards to D.T.P.

■ D.B.P. was born in Texas and lived here until he was nearly five years old, when the family moved to Tennessee. After approximately ten months, Sonia Powell returned to Texas with D.B.P.; she was seven months pregnant with D.T.P. Sonia's testimony raised a fact issue whether the time spent in Tennessee was a temporary absence. The time in Tennessee, therefore would be considered time D.B.P. resided in Texas for the purpose of determining home state jurisdiction. *See* TEX. FAM.CODE ANN. § 152.102(7) (Vernon 2002), and *Lemley v. Miller,* 932 S.W.2d 284, 287 (Tex.App.-Austin 1996, no writ). Consequently, we cannot say the trial court abused its discretion in denying Powell's motion to dismiss or plea in abatement in regards to D.B.P.

In his brief, Powell complains of the trial judge's failure to communicate with the Tennessee court. We note that sections 152.110(d) and (f) provide:

(d) If proceedings involving the same parties are pending simultaneously in a court of this state and a court of another state, the court of this state shall inform the other court of the simultaneous proceedings. The court of this state shall request that the other court hold the proceeding in that court in abeyance until the court in this state conducts a hearing to determine whether the court has jurisdiction over the proceeding.

. . . .

(f) Except as otherwise provided in Subsection (e), a record must be made of any communication under this section. The parties must be informed promptly of the communication and granted access to the record.

*See* TEX. FAM.CODE ANN. § 152.110(d), (f) (Vernon 2002). It appears from the hearing on the motion for temporary orders that the trial judge was aware of the requirements and we presume he will comply with the statute.

For all these reasons, the petition for writ of mandamus is denied.

WRIT DENIED.

GAULTNEY, J., dissented and filed opinion.

DAVID B. GAULTNEY, Justice, dissenting.

I respectfully dissent on the issue of jurisdiction. The child D.B.P. lived in Tennessee with his parents for almost a year—from May 2001 until his mother, Sonia, brought him back to Texas on April 24, 2002. Sonia filed for divorce in Texas on May 6, 2002.[1] Russell, D.B.P.'s father, filed for divorce in Tennessee on May 20, 2002. Both parents sought custody of D.B.P., and later of his younger brother, D.T.P., who was born after Sonia moved to Texas.

1. The "General Residency Rule for Divorce Suit" is worth noting. *See* TEX. FAM.CODE ANN. § 6.301 (Vernon 1998).

Both Texas and Tennessee courts have issued temporary orders concerning D.B.P. On May 8, 2002, the Texas court signed a temporary restraining order which, among other things, prohibited Russell from changing "the child's current place of abode" from Silsbee, Texas. On May 21, 2002, the Tennessee court entered a "Temporary Parenting Plan" giving Russell responsibility for the child. The order expressly states the Tennessee court has jurisdiction over the child.

Subject matter jurisdiction is a question that an appellate court reviews under a *de novo* standard. *See In re Oates*, 104 S.W.3d 571, 575–76 (Tex.App.-El Paso 2003, orig. proceeding) (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998)). Here, in addition to the pleadings concerning the jurisdictional issues, the record contains evidence offered at the motion to dismiss hearing—all of which we may consider in a *de novo* review. *Id.* at 576.

Relying on *Lemley v. Miller*, 932 S.W.2d 284, 286–87 (Tex.App.-Austin 1996, no writ), the majority treats the eleven months that Sonia, Russell, and D.B.P. spent in Tennessee as a temporary absence from Texas. In *Lemley*, the child and his parents resided in Texas until they made a temporary move to Germany, where they lived for eleven months before returning to Texas. *Id.* at 286. The *Lemley* court treated the time the child lived in Germany as a temporary absence from Texas because the absence was related to Mr. Lemley's active military duty. *Id.* at 287 (applying former statute). *See* Tex. Fam.Code Ann. § 152.102(7) (Vernon 2002).

Active military duty, however, is not the circumstance here, and I would not follow *Lemley* in this case. Sonia testified she was "trying [Tennessee] out." But she sold the Texas home where they had been living, moved to Tennessee where Russell had been transferred on his job, lived in

Tennessee continuously for eleven months, worked as a permanent employee at a Tennessee Wal–Mart, obtained a Tennessee driver's license, closed all their Texas bank accounts and opened accounts in Tennessee, and enrolled D.B.P. in a Tennessee school, which he attended for almost the entire school year. For the majority to say the time in Tennessee was a "temporary absence" suggests that what amounts to a change of mind by one parent changes home state jurisdiction for the child.

The evidence establishes jurisdiction—of the D.B.P. initial child custody determination—not in Texas but rather in Tennessee, by virtue of the second clause of section 152.201(a)(1): Within the six month time frame prior to commencement of the proceeding, Tennessee was the child's home state; and the child is absent from Tennessee, but Russell still lives in Tennessee. *See* Tex. Fam.Code Ann. § 152.201(a)(1) (Vernon 2002); Tenn.Code Ann. 36–6–216 (2003); *see also In Interest of Y.M.A.*, 111 S.W.3d 790, 792–94 (Tex. App.-Fort Worth 2003, no pet. h.). If the Tennessee court defers to Texas, the Texas court may have "significant connection" jurisdiction under section 152.201(a)(2). *See* Tex. Fam.Code Ann. § 152.201(a)(2) (Vernon 2002). Those significant connections exist because the Powells lived in Texas before they moved to Tennessee. And the Powells' second child, D.T.P., has lived only in Texas. I acknowledge it would be inappropriate to require custody proceedings in different states if one court can resolve all the custody issues. Texas may be a more appropriate forum than Tennessee. But, as I read the Code, the decision to defer to Texas as a more appropriate forum is left entirely to the home state court: here, Tennessee.

I would hold that the custody proceeding below must be stayed and the trial

court must communicate with the Tennessee court. *See* Tex. Fam.Code Ann. § 152.110(d) (Vernon 2002). The Code requires this communication. Unless and until the Tennessee court defers, the Texas court lacks jurisdiction under the Texas Family Code to make the initial custody determination for the minor child, D.B.P.[2]

---

**2.** A Tennessee court order has been entered which requires Sonia to return the child to Tennessee. I do not find it necessary to address appellant's argument that the Parental Kidnaping Prevention Act of 1980, 28 U.S.C.A. § 1738A (1994 & Supp.2003) governs. I do believe, however, that the Texas trial court is not "exercising jurisdiction consistently with the provisions" of the PKPA. *See id.*