In The


Court of Appeals


Ninth District of Texas at Beaumont





NO. 09-03-394 CV







IN RE RUSSELL POWELL









Original Proceeding






O P I N I O N



 Russell Powell seeks a writ of mandamus against Judge Earl B. Stover, III, of the
88th District Court of Hardin County, Texas. Powell complains of the order denying his
motion to dismiss for lack of jurisdiction and the trial judge's opinion letter denying his
plea in abatement. Powell asks this Court to direct the judge to vacate the order and 
letter, and to transfer the case, or the portions dismissed, to the Chancery Court of
Hawkins County, Tennessee. 

 Both children, D.B.P. and D.T.P. were born in Texas. The younger child, 
D.T.P., has never resided anywhere but Texas; therefore Texas is his home state. See
Tex. Fam. Code Ann. § 152.102 (7) (Vernon 2002). Accordingly, the trial court did not
abuse its discretion in denying the motion to dismiss or plea in abatement in regards to
D.T.P.

 D.B.P. was born in Texas and lived here until he was nearly five years old, when
the family moved to Tennessee. After approximately ten months, Sonia Powell returned
to Texas with D.B.P.; she was seven months pregnant with D.T.P. Sonia's testimony
raised a fact issue whether the time spent in Tennessee was a temporary absence. The time
in Tennessee, therefore would be considered time D.B.P. resided in Texas for the purpose
of determining home state jurisdiction. See Tex. Fam. Code Ann. § 152.102 (7) (Vernon
2002), and Lemley v. Miller, 932 S.W.2d 284, 287 (Tex. App.--Austin 1996, no writ). 
Consequently, we cannot say the trial court abused its discretion in denying Powell's
motion to dismiss or plea in abatement in regards to D.B.P.

 In his brief, Powell complains of the trial judge's failure to communicate with the
Tennessee court. We note that sections 152.110(d) and (f) provide:

 (d) If proceedings involving the same parties are pending
simultaneously in a court of this state and a court of another state, the court
of this state shall inform the other court of the simultaneous proceedings. 
The court of this state shall request that the other court hold the proceeding
in that court in abeyance until the court in this state conducts a hearing to
determine whether the court has jurisdiction over the proceeding.


 . . . .

 (f) Except as otherwise provided in Subsection (e), a record must be
made of any communication under this section. The parties must be
informed promptly of the communication and granted access to the record.


See Tex. Fam. Code Ann. § 152.110(d), (f) (Vernon 2002). It appears from the hearing
on the motion for temporary orders that the trial judge was aware of the requirements and
we presume he will comply with the statute. 

 For all these reasons, the petition for writ of mandamus is denied.

 WRIT DENIED.

 



 DON BURGESS

 Justice


Submitted on September 18, 2003

Opinion Delivered October 6, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.

DISSENTING OPINION



 I respectfully dissent on the issue of jurisdiction. The child D.B.P. lived in
Tennessee with his parents for almost a year -- from May 2001 until his mother, Sonia, 
brought him back to Texas on April 24, 2002. Sonia filed for divorce in Texas on May
6, 2002. (1) Russell, D.B.P.'s father, filed for divorce in Tennessee on May 20, 2002. Both
parents sought custody of D.B.P., and later of his younger brother, D.T.P., who was born
after Sonia moved to Texas. 

 Both Texas and Tennessee courts have issued temporary orders concerning D.B.P. 
On May 8, 2002, the Texas court signed a temporary restraining order which, among other
things, prohibited Russell from changing "the child's current place of abode" from Silsbee,
Texas. On May 21, 2002, the Tennessee court entered a "Temporary Parenting Plan"
giving Russell responsibility for the child. The order expressly states the Tennessee court
has jurisdiction over the child. 

 Subject matter jurisdiction is a question that an appellate court reviews under a de
novo standard. See In re Oates, 104 S.W.3d 571, 575-76 (Tex. App.--El Paso 2003, orig.
proceeding) (citing Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998)). 
Here, in addition to the pleadings concerning the jurisdictional issues, the record contains
evidence offered at the motion to dismiss hearing -- all of which we may consider in a de
novo review. Id. at 576. 

 Relying on Lemley v. Miller, 932 S.W.2d 284, 286-87 (Tex. App.--Austin 1996,
no writ), the majority treats the eleven months that Sonia, Russell, and D.B.P spent in
Tennessee as a temporary absence from Texas. In Lemley, the child and his parents
resided in Texas until they made a temporary move to Germany, where they lived for
eleven months before returning to Texas. Id. at 286. The Lemley court treated the time
the child lived in Germany as a temporary absence from Texas because the absence was
related to Mr. Lemley's active military duty. Id. at 287 (applying former statute). See
Tex. Fam. Code Ann. § 152.102(7) (Vernon 2002). 

 Active military duty, however, is not the circumstance here, and I would not follow
Lemley in this case. Sonia testified she was "trying [Tennessee] out." But she sold the
Texas home where they had been living, moved to Tennessee where Russell had been
transferred on his job, lived in Tennessee continuously for eleven months, worked as a
permanent employee at a Tennessee Wal-Mart, obtained a Tennessee driver's license,
closed all their Texas bank accounts and opened accounts in Tennessee, and enrolled
D.B.P. in a Tennessee school, which he attended for almost the entire school year. For
the majority to say the time in Tennessee was a "temporary absence" suggests that what
amounts to a change of mind by one parent changes home state jurisdiction for the child. 
 The evidence establishes jurisdiction -- of the D.B.P. initial child custody
determination -- not in Texas but rather in Tennessee, by virtue of the second clause of
section 152.201(a)(1): Within the six month time frame prior to commencement of the
proceeding, Tennessee was the child's home state; and the child is absent from Tennessee,
but Russell still lives in Tennessee. See Tex. Fam. Code Ann. § 152.201(a)(1) (Vernon
2002); Tenn. Code Ann. 36-6-216 (2003); see also In Interest of Y.M.A., 111 S.W.3d
790, 792-94 (Tex. App.--Fort Worth 2003, no pet. h.). If the Tennessee court defers to 
Texas, the Texas court may have "significant connection" jurisdiction under section
152.201(a)(2). See Tex. Fam. Code Ann. § 152.201(a)(2) (Vernon 2002). Those
significant connections exist because the Powells lived in Texas before they moved to
Tennessee. And the Powells' second child, D.T.P., has lived only in Texas. I
acknowledge it would be inappropriate to require custody proceedings in different states
if one court can resolve all the custody issues. Texas may be a more appropriate forum
than Tennessee. But, as I read the Code, the decision to defer to Texas as a more
appropriate forum is left entirely to the home state court: here, Tennessee. 

 I would hold that the custody proceeding below must be stayed and the trial court
must communicate with the Tennessee court. See Tex. Fam. Code Ann. § 152.110(d)
(Vernon 2002). The Code requires this communication. Unless and until the Tennessee
court defers, the Texas court lacks jurisdiction under the Texas Family Code to make the
initial custody determination for the minor child, D.B.P. (2) 


 _________________________________

 DAVID B. GAULTNEY

 Justice


Dissent Delivered

November 6, 2003

1. The "General Residency Rule for Divorce Suit" is worth noting. See Tex. Fam.
Code Ann. § 6.301 (Vernon 1998).
2. A Tennessee court order has been entered which requires Sonia to return the child
to Tennessee. I do not find it necessary to address appellant's argument that the Parental
Kidnaping Prevention Act of 1980, 28 U.S.C.A. § 1738A (1994 & Supp. 2003) governs. 
I do believe, however, that the Texas trial court is not "exercising jurisdiction consistently
with the provisions" of the PKPA. See id.