TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00748-CV






Nicholas Xenos, Appellant


v.


Mursch Partners, L.P., Appellee






FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. C-1-CV-09-002816, HONORABLE CHUCK MILLER, JUDGE PRESIDING




O R D E R


PER CURIAM


 This order concerns issues raised by appellant Nicholas Xenos's Motion for
Consolidation of Record from Application for Writ of Mandamus and his Second Motion to Extend
Time for Filing Record on Appeal.

 Appellee asserts that the records from the mandamus are irrelevant to the appeal and
that consolidation is unnecessary. Appellee notes that we may take judicial notice of records from
cases between the same parties in the same or related proceeding. See Douglas v. American Title,
Co., 196 S.W.3d 876, 878 n.1 (Tex. App.--Houston [1st Dist.] 2006, no pet.); In re Y.M.A.,
111 S.W.3d 790, 792 (Tex. App.--Fort Worth 2003, no pet.). We hereby take judicial notice of the
following reporter's records from In re Nicholas Xenos, appellate cause number 03-09-00418-CV:



 April 23, 2009 Motion to Quash

 May 15, 2009 Motion to Quash

 June 23, 2009 Motion to Quash, Motion for Scheduling Order

 July 1, 2009 Motion to Recuse, Motion for Sanctions



We also hereby take judicial notice of the Appendix to Petition for Writ of Mandamus from the
same appellate cause number 03-09-00418-CV. We note that this appendix is not a clerk's record,
but rather a collection of documents Xenos's counsel certified under oath that she either obtained
from the trial court's file or "prepared and filed, or mailed, or received" during her representation
of Xenos in this matter. To save time and expense of additional record preparation, we will permit
the parties to refer to these documents as they are relevant to the issues in this appeal as if this were
a properly designated and filed clerk's record. An electronic copy of the reporter's records and the
Appendix to Petition for Writ of Mandamus in In re Xenos, appellate cause number 03-09-00418-CV, shall be made part of the record in this appellate cause.

 Xenos shall, by April 18, 2011, take the following steps with regard to preparation
of the appellate record: (1) file a written designation specifying items from the trial court clerk's
record that are necessary to this appeal to be included in a clerk's record, and must file that
designation with the trial court's clerk (see Tex. R. App. P. 34.5); (2) request in writing from the
official reporter, filing a copy with the trial court clerk, preparation of any other necessary portions
of the reporter's record that are not part of the record in cause number 03-09-00418-CV (see Tex. R.
App. P. 34.6); and (3) pay or make arrangements to pay for the costs of preparing the additional
records. If Xenos does not intend to request that additional records be compiled and filed with this
Court, he shall file a notice to that effect with this Court by April 8, 2011.

 If Xenos timely and properly requests preparation of the record and timely and
properly pays or makes arrangements to pay for the record, those portions of the record shall be filed
with this Court's clerk on or before May 18, 2011. Appellant's brief will be due 30 days after the
last portion of the record designated for preparation is filed. See Tex. R. App. P. 38.6(a).

 If Xenos chooses not to request preparation of additional portions of the record,
or fails to timely and properly request preparation of additional portions of the record, or fails to
timely and properly pay or make arrangements to pay for preparation of the record, Xenos's brief
will be due to be filed on May 18, 2011. The case will be considered on the record on file and
judicially noticed.

 We conclude that the substance of this order renders the requests for relief in Xenos's
motions moot. We dismiss as moot Xenos's Motion for Consolidation of Record from Application
for Writ of Mandamus and his Second Motion to Extend Time for Filing Record on Appeal. To the
extent that the requests for relief in the motions are not moot, the motions are denied.

 It is ORDERED on March 25, 2011.

 


Before Justices Puryear, Pemberton and Rose