**Lisa Ann FOWLER, Appellant,**

v.

**Tonia JONES, Susan Arbuckle and Lawrence Joseph Thoren, Appellees.**

No. 03–96–00331–CV.

Court of Appeals of Texas, Austin.

July 3, 1997.

Rehearing Overruled Aug. 28, 1997.

James L. Arth, Austin, for Appellant.

Mary Kay Sicola, Austin, for Appellees.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

CARROLL, Chief Justice.

This case requires us to interpret a statute conferring standing on certain persons to file suits affecting the parent-child relationship. *See* Tex. Fam.Code Ann. § 102.003(9) (West 1996). It does not involve the merits of the underlying claim. Appellant Lisa Ann Fowler filed a suit seeking possessory conservatorship [1] of a child born to appellee Tonia

1. *See* Tex. Fam.Code Ann. § 153.006 (West

Jones. The district court dismissed the suit, ruling Fowler did not have standing to bring the suit. Fowler appeals from the dismissal. We will reverse the trial court's order and remand the cause.

## BACKGROUND

In 1986, Fowler and Jones began a romantic relationship. In 1991, Jones conceived a child with the help of a sperm-donor. The child was born in 1992, and Fowler, Jones, and the child lived together until Fowler and Jones parted ways in mid–1994. From the time the parties separated until about June of 1995, Jones allowed Fowler to have access to and possession of the child for varying periods of time. After June of 1995, things changed. Jones denied Fowler access to the child. The child originally carried the surnames of both Fowler and Jones; Jones later had the child's last name legally changed to "Jones" alone.

Fowler filed suit in October of 1995, seeking to establish a legal right to visitation with the child. Fowler alleged she had standing to file the suit under section 102.003 of the Texas Family Code because she was (1) a "parent" of the child, and alternatively, (2) "a person" who had actual care, control, and possession of the child for at least six months sometime before she filed her suit. *See id.* § 102.003(1), (9) (West 1996). Two weeks later, Jones filed a Plea in Abatement for Lack of Standing, in which she sought dismissal of Fowler's suit on two grounds. First, Jones argued Fowler did not have standing to bring the lawsuit because Fowler had no legal or biological relationship to the child. Next, she raised a limitations-type defense, pleading Fowler had not had care, control, and possession of the child since May 1994 (more than six months preceding the filing of the lawsuit). Jones does not dispute that Fowler had care, control, and possession of the child for more than six months before May 1994.

The district court conducted a hearing at which witnesses testified. After the hearing, the district court dismissed the suit, ruling in a written order that "Fowler does not have

1996).

standing to bring this suit affecting the parent-child relationship." The court later filed findings of fact and conclusions of law, in which the court found (1) Fowler was not biologically related to the child, (2) Fowler and Jones had never memorialized their relationship in a ceremony or legal document, and (3) Fowler had not had contact with the child after June 1995. The court concluded Fowler did not have standing to bring the suit under section 102.003 of the Family Code and that the same section does not violate the United States or Texas constitutions.[2]

Fowler appeals the dismissal in four points of error. She first contends the trial court erred in concluding that section 102.003(9) did not confer standing on her to file the suit as a person who had previously had care, control, and possession of the child for six months. In her second, third, and fourth points of error, she challenges the trial court's conclusions of law with regard to the constitutionality of section 102.003(9). She does not challenge the court's apparent ruling that the term "parent" in section 102.003(1) excludes a woman who is not biologically related to the child.[3] Our disposition of this case turns on our analysis of Fowler's first point of error.

## DISCUSSION

 We review the district court's interpretation of section 102.003(9) of the Texas Family Code de novo. *Compare In re Humphreys*, 880 S.W.2d 402, 404 (Tex.), *cert. denied*, 513 U.S. 964, 115 S.Ct. 427, 130 L.Ed.2d 340 (1994) *with Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989). Section 102.003(9) reads as follows: "An original suit may be filed at any time by . . . a person who has had actual care, control, and possession of the child for not less than six months preceding the filing of the petition." Tex. Fam.Code Ann. § 102.003(9). Jones argued before the district court that the statute does not confer jurisdiction on Fowler because Fowler's six-month period of care, control, and possession of the child did not occur

during the six months *immediately* preceding her filing of the lawsuit. The trial court's findings of fact and conclusions of law reveal that the trial court agreed.

Fowler argues section 102.003(9) confers standing on any person who has had care, control, and possession of the child for at least six months *at any time* before they file suit. In support of her argument, she points out a recent amendment to the statute. The prior version of section 102.003(9) included the word "immediately" before the word "preceding." *See* Act of May 25, 1973, 63d Leg., R.S., ch. 543, § 1, 1973 Tex. Gen. Laws 1411, amended by Act of May 30, 1983, 68th Leg., R.S., ch. 424, § 1, 1983 Tex. Gen. Laws 2346 (formerly Tex. Fam.Code § 11.03, since amended, repealed, and codified at § 102.003(9)). This Court previously interpreted that statute as requiring the period of care, control, and possession of the child to occur for the six consecutive months immediately before filing suit. *See Williams v. Anderson*, 850 S.W.2d 281 (Tex.App.—Austin 1993, writ denied). Fowler argues the deletion of the word "immediately" evidences the legislature's intent to abrogate the *Williams*-type interpretation of the statute. The issue of whether the amendment was substantive appears to be one of first impression.

██ When the legislature rewrites a statute without indicating that the change is non-substantive, we presume the legislature intended to change existing law. *Friedrich Air Conditioning & Refrigeration Co. v. Bexar Appraisal Dist.*, 762 S.W.2d 763, 767 (Tex.App.—San Antonio 1988, no writ); *Buckner Glass & Mirror, Inc. v. T.A. Pritchard Co., Inc.*, 697 S.W.2d 712, 714 (Tex. App.—Corpus Christi 1985, no writ). The bill passed by the legislature, which changes many Family Code provisions, contains no indication that the change at issue in this case was non-substantive. *See* Act of April 6, 1995, 74th Leg., R.S., ch. 20, 1995 Tex. Gen. Laws 113–282. Therefore, we conclude the deletion of the word "immediately" did

---

**2.** The pleadings properly before the court do not reflect that either party challenged the constitutionality of the statute.

**3.** *See* Tex. Fam.Code Ann. § 101.024 (defining parent, inter alia, as a "mother" of the child) (West 1996).

constitute a substantive change. Had the legislature intended to continue the requirement that the six-month period occur immediately preceding the filing of a lawsuit, as discussed in *Williams*, it would have included the word "immediately" in section 102.003(9).[4]

Jones argues the legislature deleted the word "immediately" because it was redundant and already implied in the word "preceding." We disagree. If that were the case, it would not have been necessary for the legislature to have included the word "immediately" in the original statute. Furthermore, according to Webster's Third New International Dictionary, "preceding" means merely "going before." *See Webster's Third New International Dictionary* 1783 (Philip E. Gove, ed.1986). We infer from this definition that the word does not always constitute a qualifier of temporal immediacy.

Jones also contends this interpretation of the statute leads to absurd results. Specifically, she argues removal of the immediacy requirement will confer standing on all persons who have *ever* had care, control, and possession of a child for a six-month period, however remote in time. Under this interpretation, Jones argues, a person who abandons a child may choose to file suit several years later, without having had any contact with the child in the interim. Under some facts this may confer *standing* on a person who has chosen not to have continuing contact with the child, but the result is absurd only if that person is awarded possessory conservatorship after a hearing on the merits. We trust trial courts and juries will not grant possessory conservatorship when circumstances dictate that contact is no longer in the child's best interest.

Requiring the six-month period to precede immediately the filing of suit could lead to a more absurd result. That is, parties who have co-parented a child may separate and try to reconcile, or voluntarily agree to visitation; if their separation becomes final or difficulties in visitation arrangements arise even one day and six months after their separation, any step-parent or party not legally or biologically related to the child may be deprived of standing to have a hearing on the merits. The legislature has apparently determined that it will not always be inappropriate to award possessory conservatorship in such circumstances. We decline to re-insert a word into a statute after the legislature has removed it. Under the statute as presently written, the issue of whether the care, control, and possession of the child is sufficiently close to the filing of the lawsuit bears on the propriety of awarding possessory conservatorship, not whether the movant has standing to initiate a suit in the first place.

## CONCLUSION

We hold section 102.003(9) now confers standing on a person who has had care, control, and possession of a child for *any* six-month period before filing the lawsuit. In removing the requirement of immediacy, the legislature implicitly overruled our decision in *Williams*. We, therefore, conclude the district court erred in construing the statute otherwise and consequently denying Fowler standing to maintain her lawsuit. Accordingly, we need not address Fowler's other three points of error. We reverse the district court's order dismissing the suit and remand the cause for a trial on the merits.

---

4. We apply this analysis, rather than the usual presumption that the legislature does not intend to effect substantive change by "codifying" or "recodifying" statutes. *See, e.g., Carbide International Ltd. v. State*, 695 S.W.2d 653, 656 n. 3 (Tex.App.—Austin 1985, no writ). We do so because the legislature, in enacting the 1995 amendments, did not purport to effect a mere "codification" of statutes. The legislature instead changed many provisions in an already "codified" Family Code.