**Tonia JONES, Petitioner,**

v.

**Lisa FOWLER, Respondent.**

No. 97–0945.

Supreme Court of Texas.

May 8, 1998.

Mary Kay Sicola, Austin, for Petitioner.

James L. Arth, Austin, for Respondent.

PER CURIAM.

In this case, we consider whether the Legislature intended to substantively change the Family Code section on standing to file a suit affecting the parent-child relationship (SAPCR) when it deleted the word "immediately" from the phrase "immediately preceding." The court of appeals held that this change was substantive. *Fowler v. Jones,* 949 S.W.2d 442, 444–45 (Tex.App.–Austin

1997). We reverse and render judgment for Jones.

Tonia Jones and Lisa Fowler began a romantic relationship in 1986. In 1991, Jones conceived a child through the use of a sperm donor. The child was born in 1992, when Jones and Fowler were living together. The three continued to live together as a family until Fowler and Jones split up in June 1994. From the time the parties separated until June 1995, Jones allowed Fowler to have access to and possession of the child for short periods of time. In June 1995, however, Jones denied Fowler any more contact with the child.

In October 1995, Fowler sued Jones seeking to establish her legal right to visitation with the child. She alleged standing under section 102.003(9) of the Family Code because she was a person who had actual care, control, and possession of the child for at least six months sometime before she filed her suit. Jones then filed a plea in abatement challenging Fowler's standing, asserting that Jones had not had care, control, and possession of the child since May 1994. The trial court granted Jones's plea, holding that Fowler did not satisfy the standing requirements of section 102.003(9) because she did not have actual care, custody, and control of the child for the immediately preceding six months before suit was filed.

The court of appeals reversed. 949 S.W.2d 442. The court held that when the Legislature recodified the Family Code, its omission of the word "immediately" from the phrase "immediately preceding" was a substantive change intended to broaden standing to file a SAPCR.

Initially, we note that this case involves only one subsection of the Family Code provision on standing to file a SAPCR. Other parties have standing under different subsections of section 102.003.[1]

1.  An original suit may be filed *at any time* by:

(1) a parent of the child;
(2) the child through a representative authorized by the court;
(3) a custodian or person having the right of visitation with or access to the child appointed by an order of a court of another state or country;

(4) a guardian of the person or of the estate of the child;
(5) a governmental authority;
(6) an authorized agency;
(7) a licensed child placing agency;
(8) a man alleging himself to be the biological father of a child filing in accordance with Chapter 160, subject to the limitations of Section 160.101, but not otherwise;

In 1995, when the Legislature recodified Title 2 of the Family Code into a new Title 5, it renumbered section 11.03, regarding standing to file a SAPCR, into Family Code section 102.003. Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 125. Section 11.03(8) had granted standing to sue to "a person who has had actual possession and control of the child for at least six months immediately preceding the filing of the petition." TEX. FAM CODE § 11.03(8) (1993). As recodified, section 102.003(9) grants standing to "a person who has had actual care, custody, and possession of the child for not less than six months preceding the filing of the petition." TEX. FAM.CODE § 102.003(9). In sum, the only changes the Legislature made to the subsection were to replace "at least" with "not less than," to add the word "care," and, more importantly for this case, to remove the word "immediately" before "preceding." This dispute hinges on the legislative intent behind the third change.

Jones argues that, in deleting the word "immediately," the Legislature merely intended to remove redundant language, with no substantive change in meaning. Fowler looks at the "plain meaning" of the words "immediately" and "preceding" and contends that by removing "immediately," the Legislature intended to broaden standing to file a SAPCR.

The Court's primary goal in construing section 102.003(9) is to give effect to the intent of the Legislature. TEX. GOV'T CODE § 312.005; *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993). In determining this intent, we are to interpret words in a statute according to their ordinary meaning. TEX. GOV'T CODE § 312.002(a); *Monsanto*, 865 S.W.2d at 939. While both Jones and Fowler argue that the

ordinary meaning of "preceding" favors their argument, dictionaries conflict on whether "preceding" includes "immediately." *Compare* AMERICAN HERITAGE DICTIONARY 974 (2d College ed.1985) (defining "preceding" as "[e]xisting or coming before in time …; previous.") *with* WEBSTER'S NEW COLLEGIATE DICTIONARY 897 (1980) (defining "preceding" as "that immediately precedes in time or place"). In this situation, the Code Construction Act directs us to consider, among other matters, the statute's legislative history. TEX. GOV'T CODE § 311.023.

In 1995, Title 2 of the Family Code was recodified and amended by House Bills 655 and 433, respectively. Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 113–282; Act of May 26, 1995, 74th Leg., R.S., ch. 751, §§ 5–122, 1995 Tex. Gen. Laws 3888, 3889–933. The House Bill Analysis of H.B. 655, the bill recodifying Title 2 of the Family Code, states as its intent, "a *nonsubstantive* recodification of the statutes relating to parents and children and suits affecting the parent-child relationship. *This recodification does not make changes in the meaning or intent of the present law.*" HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES, BILL ANALYSIS, Tex. H.B. 655, 74th Leg., R.S. (1995) (emphasis ours). The Senate Bill Analysis of H.B. 655 indicates that the bill "recodifies and reenacts" the statute. SENATE COMM. ON JURISPRUDENCE, BILL ANALYSIS, Tex. H.B. 655, 74th Leg., R.S. (1995). Moreover, the House Bill Analysis of H.B. 433 states that H.B. 655 "nonsubstantively recodified the Family Code." HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES, BILL ANALYSIS, Tex.C.S.H.B. 433, 74th Leg., R.S. (1995).

■ While H.B. 655 merely recodifies the former Family Code, the purpose of H.B. 433

---

(9) a person who has had actual care, custody, and possession of the child for not less than six months preceding the filing of the petition;

(10) a person designated as the managing conservator in a revoked or unrevoked affidavit of relinquishment under Chapter 161 or to whom consent to adoption has been given in writing under Chapter 162;

(11) a person with whom the child and the child's guardian, managing conservator, or parent have resided for not less than six months preceding the filing of the petition if the child's guardian, managing conservator, or parent is deceased at the time of the filing of the petition; or

(12) a person who is the foster parent of a child placed by the Department of Protective and Regulatory Services in the person's home for a period of not less than 18 months preceding the date of the filing of the petition. TEX. FAM.CODE § 102.003 (emphasis added).

was to substantively revise the Family Code by amending H.B. 655, with the substantive changes listed in a "Section by Section Analysis." *Id.* The only substantive change listed for section 102.003 relates to subsection (8); [2] subsection (9) is not listed among the substantive changes. *Id.* Similarly, no substantive changes to subsection 102.003(9) are listed in the Senate Bill Analysis for H.B. 433. SENATE COMM. ON JURISPRUDENCE, BILL ANALYSIS, Tex.C.S.H.B. 433, 74th Leg., R.S. (1995) (a 27–page document comprehensively listing all intended substantive changes to Title 2 of the Family Code). In summary, there is no indication that the Legislature intended the deletion of "immediately" from subsection 102.003(9) to be a substantive change in the application of the law.

However, the court of appeals stated that, "[w]hen the legislature rewrites a statute without indicating that the change is nonsubstantive, we presume the legislature intended to change existing law." 949 S.W.2d at 444 (citing *Friedrich Air Conditioning & Refrigeration Co. v. Bexar Appraisal Dist.,* 762 S.W.2d 763, 767 (Tex.App.—San Antonio 1988, no writ); *Buckner Glass & Mirror, Inc. v. T.A. Pritchard Co., Inc.,* 697 S.W.2d 712, 714 (Tex.App.—Corpus Christi 1985, no writ)). The court of appeals determined that House Bills 655 and 433 changed an "already 'codified' Family Code." *Id.* at 445 n. 4. As a result, the court of appeals presumed that the change to subsection 102.003(9) was substantive because the Legislature did not explicitly say otherwise. *Id.* at 444–45. Had the court of appeals found that the bills merely codified or recodified the Family Code, the presumption would be the opposite; absent an indication otherwise, the changes would be considered nonsubstantive. *Id.* at 445 n. 4 (citing *Carbide Int'l, Ltd. v. State,* 695 S.W.2d 653, 656 n. 3 (Tex.App.—Austin 1985, no writ)).

The flaw in the court of appeals' reasoning is revealed in the history and purpose of the two House Bills at issue. As stated above, H.B. 655 clearly indicated it was a *non* substantive *recodification* of the Family Code.

H.B. 433, however, substantively revised the Family Code by *amending H.B. 655.* The "Section by Section Analysis" portion of H.B. 433 lists the sections and subsections of H.B. 655 that were amended by H.B. 433. Notably, 102.003(9) is not among the 128 listed. As such, it must be presumed that H.B. 433 did not amend subsection 102.003(9). Therefore, it falls under the *nonsubstantive recodification* in H.B. 655. While the court of appeals is correct in stating that the Legislature does not explicitly state that the change in subsection 102.003(9) is nonsubstantive, the history and analysis of the Bills reveal that the change was in fact nonsubstantive.

A look at other statutes shows that the Legislature did, at times, explicitly state that this very change in wording is nonsubstantive. As Jones argues, some changes in the Labor Code indicate that the Legislature intended "preceding" to mean "immediately preceding." For example, the Revisor's Note to section 62.204 of the Texas Labor Code reads, "The revised law omits 'immediately' as unnecessary because 'preceding' means 'immediately preceding.'" TEX. LAB. CODE § 62.204. The Revisor's Notes to sections 201.011, 204.044, and 408.041 indicate the same. *See id.* §§ 201.011, 204.044, 408.041.

Moreover, the legislative intent should be determined from the entire act, and not simply from isolated portions. *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301 (Tex.1990). Therefore, we must read the statute as a whole and interpret it to give effect to every part. *Ex parte Pruitt,* 551 S.W.2d 706, 709 (Tex.1977). While there are no Revisor's Notes to the Family Code sections, other sections of the Family Code do use the term "preceding" to mean "immediately preceding." For example, former section 11.52(5), defining "home state" under the Family Code, said it was "the state in which the child *immediately preceding* the time involved lived with his parents ... for at least six consecutive months." TEX. FAM. CODE § 11.52(5) (emphasis ours), *repealed by* Act of April 6, 1995, 74th Leg., R.S., ch. 20,

---

**2.** Section 102.003(8) grants standing to a man alleging he is the biological father. TEX. FAM.CODE § 102.003(8).

§ 1, 1995 Tex. Gen. Laws 113, 141. In the new Family Code, "home state" is defined in substantially the same language, but without "immediately." *See* TEX. FAM.CODE § 152.002(6) (" 'Home state' means the state in which the child, *preceding* the time involved, lived with the child's parents ... for at least six consecutive months") (emphasis ours). Section 152.002 was also recodified and amended by House Bills 655 and 433 and, as in subsection 102.003(9), neither bill indicated the change to section 152.002(6) was intended to be substantive. In fact, the court of appeals has discussed new section 152.002(6) in two recent opinions and in both treated the change in language as nonsubstantive; *i.e.*, the court still defined the child's home state to be where he or she has lived for the immediately preceding six months. *See Lemley v. Miller*, 932 S.W.2d 284, 286 (Tex.App.—Austin 1996, no writ); *Arteaga v. Texas Dep't of Protective & Regulatory Servs.*, 924 S.W.2d 756, 760 (Tex. App.—Austin 1996, writ denied).

We conclude that the Legislature did not intend a substantive change when it deleted "immediately" from "immediately preceding" in section 102.003(9) of the Family Code. Because Fowler does not meet the custody, control, and possession requirements of this section, we hold that she does not have standing to seek visitation rights with the child.

This section should not be interpreted, however, to be mechanistic in application. In *T.W.E. v. K.M.E.*, 828 S.W.2d 806 (Tex. App.—San Antonio 1992, no writ), the court considered whether a putative father had standing to file a SAPCR when he filed for custody three weeks after his wife left with the child. The court found that:

> It would not serve the purposes of the statute to allow a brief, involuntary interruption in actual possession to destroy a putative father's standing to counterclaim [in the divorce] for custody of a child whom all the world has considered for six years to be his own. If the three weeks' interruption in this case—which happened because [his wife] abruptly left home with the

child—destroys [the husband's] standing, we see no reason why three days' interruption by one party's unilateral act would not do the same thing. We cannot attribute such an intention to the legislature.

*Id.* at 808. The court therefore held that the putative father did have standing to file suit.[3]

Similarly, commentators have stated that the purpose of the "immediately preceding" language in former subsection 11.03(a)(8) is "to require expeditious action by the claimant, who should act with all due, deliberate, reasonable speed. The exact length of time allowable before it's 'too late' should be left to the trial court's discretion." *See* John J. Sampson, *Standing to Sue in a SAPCR*, STATE BAR OF TEX., ADVANCED FAMILY LAW COURSE B–1, B–12 (1986). Although *T.W.E.* and Professor Sampson's article both were written before the legislative change at issue in this case, we believe that the policy and reasoning apply to the statute as it reads today.

\* \* \*

Accordingly, under Rule 59.1 of the Texas Rules of Appellate Procedure, the Court grants Jones's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment for Jones.

---

**3.** We note that there is no evidence in the record that Jones engaged in any deceptive action designed to prevent Fowler from meeting the standing requirements of section 102.003(9).