In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00151-CV




DOUGLAS A. TERRY, D.D.S., and DOUGLAS A. TERRY, D.D.S., INC.,
Appellants

V.

JOHN CHRISTIAN SCHIRO, D.D.S. and SCHIRO-KLINE, LLP, Appellees




On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2005-57985


 
 
MEMORANDUM OPINION
          Appellants, Douglas A. Terry, D.D.S. and his corporation, Douglas Terry,
D.D.S., Inc., (collectively “Terry”) appeal from the district court’s granting summary
judgment on Terry’s counterclaims under Chapter 261 of the Texas Occupations
Code in favor of appellees, John Christian Schiro, D.D.S. and Schiro-Kline, LLP.,
(collectively, “Schiro”). We affirm.
Background
          Terry and Schiro are both dentists practicing in the Houston area. In 2003 and
2004, three of Schiro’s former patients sought treatment with Terry, who began
substantial work in consultation with three other specialists, and informed these
patients that Schiro’s work was below acceptable standards. Each of the three
patients then sued Schiro for dental malpractice, and all three also filed complaints
with the Texas State Board of Medical Examiners (“the Board”). Terry volunteered
as an expert in the lawsuits, and was designated a non-retained testifying expert in
each. In January and May 2005, Schiro hired two private investigators to pose as
former patients of Schiro’s and visit Terry for his comments on Schiro’s purported
work on their teeth. According to both investigators, Terry and his staff made
comments disparaging Schiro’s work.
          In July 2005, Terry received a request from the Board regarding the
investigation of complaints against Schiro by the three former patients. The Board
requested Terry forward complete copies of the patients’ records, as well as a
narrative detailing his observations, including what treatment Terry recommended to
the patients and what treatments he performed. In addition to these requirements,
Terry, apparently of his own volition, conducted what he termed a “double blind ‘peer
review’ exercise,” forwarding photographs of the three patients’ dental work to
colleagues he selected, asking for their opinions of the work. According to Terry, this
“double blind” study did not identify the work as Schiro’s.
          In September 2005, Schiro filed suit against Terry, alleging Terry had made
various statements disparaging Schiro’s dentistry practice to dental colleagues and
to prospective patients as well as persons accompanying prospective patients to his
office. Schiro brought claims for slander and defamation, seeking exemplary
damages. Schiro also obtained a TRO prohibiting Terry from destroying evidence
until a temporary injunction hearing. The court dissolved the TRO three days later. 
          Terry answered, claiming (1) Schiro was a public figure, (2) his statements
about Schiro were truthful and necessary to protect the public safety, (3) as a
testifying expert in suits against Schiro, Terry’s statements were immune from suit,
(4) Terry enjoyed a “peer review privilege” due to his conducting a “double blind”
study of Schiro’s work, and (5) he was entitled to all defenses under Chapter 74 of
the Texas Civil Practice and Remedies Code. Terry also counterclaimed against
Schiro, including a statutory counterclaim under Texas Occupations Code section
261.104 for a frivolous suit against a person participating in dental peer review.          At a hearing on a motion to quash discovery regarding the participants in
Terry’s “double blind” study, Schiro’s counsel clarified to the trial court that his
client’s claims for slander did not include any communications Terry had made to the
Board of Dental Examiners, and the trial court entered an order reflecting that
limitation, noting, “Plaintiffs are not pursuing causes of action based on
communications to the Board.” The trial court’s order also found “the Board did not
authorize Dr. Terry to take any actions that could be cloaked with peer review
privilege.”


 Schiro then moved for both no-evidence and traditional summary
judgment on all of Terry’s counterclaims, again stating that Schiro’s claims did not
include any communications Terry made to the Board. After Terry nonsuited his
other counterclaims, the trial court granted summary judgment in Schiro’s favor on
Terry’s remaining Chapter 261 counterclaim. In addition, the order specifically noted
that Chapter 261 of the Occupations Code did not apply to Terry because “[t]he
relevant actions in this case fall outside the definitions of peer review committee or
participant as set out in Ch. 261.” 
          After the trial court granted summary judgment in Schiro’s favor, Schiro non-suited his claims against Terry.  Terry now appeals the Court’s entry of summary
judgment on his Chapter 261 counterclaim against Schiro, contending (1) genuine
issues of material fact exist as to whether Schiro’s claims arose from Terry’s
participation in “peer review” and Terry is therefore entitled to raise the statutory
counterclaim; and (2) Schiro’s motion is legally insufficient to support summary
judgment because Terry was not a peer review participant, or “a person named as a
defendant in a civil action filed as a result of participation in peer review.” Standard of Review
          Because the propriety of granting a summary judgment is a question of law, we
review the trial court’s decision de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695,
699 (Tex. 1994). When a party seeks both a traditional and a no-evidence summary
judgment, we first review the trial court’s summary judgment under the no-evidence
standards of Rule 166a(i). Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex.
2004). If the nonmovant failed to produce more than a scintilla of evidence raising
a genuine fact issue on the challenged elements of his claims, then there is no need
to analyze whether the movant’s summary judgment proof satisfied the traditional
summary judgment burden of proof under Rule 166a(c). Id.
          In reviewing a no-evidence summary judgment, we “must examine the entire
record in the light most favorable to the nonmovant, indulging every reasonable
inference and resolving any doubts against the motion” to determine whether more
than a scintilla of evidence was presented on the challenged elements of the
nonmovant’s claim. City of Keller v. Wilson, 168 S.W.3d 802, 825 (Tex. 2005). 
More than a scintilla of supporting evidence exists if the evidence would allow
reasonable and fair-minded people to differ in their conclusions. King Ranch, Inc.
v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). “Less than a scintilla of evidence
exists when the evidence is ‘so weak as to do no more than create a mere surmise or
suspicion’ of a fact.” Id. (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983)). 
          A traditional summary judgment under Rule of Civil Procedure 166a(c) is
properly granted only when the movant establishes that there are no genuine issues
of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c); Provident Life & Accid. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). 
In deciding whether there is a disputed material fact precluding summary judgment,
evidence favorable to the nonmovant will be taken as true, every reasonable inference
must be indulged in favor of the nonmovant, and any doubts must be resolved in
favor of the nonmovant. Knott, 128 S.W.3d at 215.          Analysis
          Section 261.102 of the Texas Occupations Code states, “a cause of action does
not accrue” for persons participating in or assisting “a dental peer review committee,”
so long as they act without malice. Tex. Occ. Code Ann. § 261.102 (Vernon 2004). 
In addition, certain other persons reporting or furnishing information to a dental peer
review committee or the Board, in good faith, are immunized from suit for their
assistance. Id. § 261.103. These protections are limited, however, to persons acting
under the authority of the Board or assisting a dental peer review committee or the
Board. Id.
          The Code also contains a provision, entitled “Counterclaim for Frivolous Suit,”
allowing “[a] dental peer review committee, a person participating in peer review, or
any other person” who is “named as a defendant in a civil action filed as a result of
participation in peer review” to file a counterclaim or independent action to recover
costs of their defense, including attorney’s fees and “damages incurred as a result of
the civil action” if the suit against them is found to be frivolous or brought in bad
faith. Tex. Occ. Code Ann. § 261.104 (Vernon 2004). 
          Schiro contends there is no evidence Terry was part of, or did work authorized
by, a “dental peer review committee” or the Texas State Board of Dental Examiners.
In addition, Schiro argues, although some of the disparaging statements Terry made
may have been made in response to the Board’s request for information, he also made
other statements about Schiro to colleagues, friends, and prospective patients, and
these statements are outside the scope of any protections afforded by the Code. On
appeal Terry now concedes he was not part of any “dental peer review committee” as
defined section 261.104, but he nonetheless insists he was entitled to assert a
counterclaim against Schiro under section 261.104.
           To determine whether Terry may counterclaim under the Occupations Code,
we turn to the statute at issue. In construing a statute, our objective is to determine
and give effect to the Legislature’s intent. State v. Gonzalez, 82 S.W.3d 322, 327
(Tex. 2002); see also Tex. Gov’t Code Ann. § 312.005 (Vernon 2005) (“In
interpreting a statute, a court shall diligently attempt to ascertain legislative intent and
shall consider at all times the old law, the evil, and the remedy.”). We determine
legislative intent from the entire act and not just isolated portions. Gonzalez, 82
S.W.3d at 327 (citing Jones v. Fowler, 969 S.W.2d 429, 432 (Tex. 1998)). Thus, we
“‘read the statute as a whole and interpret it to give effect to every part.’” Id. 
(quoting Jones, 969 S.W.2d at 432). If the statutory language is unambiguous, we
must interpret it according to its terms, giving meaning to the language consistent
with other provisions in the statute. See McIntyre v. Ramirez, 109 S.W.3d 741, 745
(Tex. 2003). We also consider the objective the law seeks to obtain and the
consequences of a particular construction. See Tex. Gov’t Code Ann. § 311.023(1),
(5); see also McIntyre, 109 S.W.3d at 745. 
          Section 261.104, Counterclaim for Frivolous Suit, states:
A dental peer review committee, a person participating in peer review,
or any other person named as a defendant in a civil action filed as a
result of participation in peer review may file a counterclaim in a
pending action or may prove a cause of action in a subsequent suit to
recover defense costs, including court costs, attorney’s fees, and
damages incurred as a result of the civil action, if the plaintiff’s original
suit is determined:(1) to be frivolous; or (2) to have been brought in bad
faith. 
Tex. Occ. Code Ann. § 261.104 (Vernon 2004). 
          Thus, whether he is part of a “dental peer review committee,” a “person
participating in peer review,” or “any other person,” before he may bring a
counterclaim under section 261.104, Terry must first establish that Schiro’s suit was
filed against him “as a result of participation in peer review.” 
          The relevant portions of the Occupations Code do not define “peer review.” 
They do, however, define a “dental peer review committee” as “a peer review, judicial
or grievance committee of a dental association authorized to evaluate the quality of
dental services or the competent of dentists . . . includ[ing] a member, employee,
assistant, investigator attorney or other agent serving the committee.” Tex. Occ.
Code Ann. § 261.001(2) (Vernon 2005). Further, the Code contains several
provisions providing protections for persons who participate or assist such a
committee. See, e.g., id. § 261.001, .102, .103 (Vernon 2005). Terry urges us to
construe the definition of peer review to include “participating in the complaint
process of the Board.” 
          We note, however, that Schiro’s claims were limited to Terry’s statements to
colleagues, potential patients and the general public, and they did not include Terry’s
participation in the complaint process of the Board. For example, Schiro’s motion for
summary judgment included affidavits from private investigators who attested to
disparaging statements Terry made in his office when they posed as potential patients. 
These statements are not within even Terry’s broad construction of “peer review.”
          We construe section 201.104 to require a direct link between the plaintiff’s
cause of action and the defendant’s participation in or assistance rendered to a “dental
peer review committee,” defined by section 261.001. There is no evidence that any
of actions for which Schiro sued Terry fall within that definition. Accordingly, the
trial court correctly rendered summary judgment in Schiro’s favor.
Conclusion
           Because the statutory counterclaim authorized by section 261.104 is available
only to persons named as a defendant in a civil action filed as a result of their
participation in or assistance rendered to a dental peer review committee, and because
the actions for which Schiro brought suit do not fall within that definition, we hold
that the district court did not err in granting summary judgment in Schiro’s favor on
Terry’s remaining counterclaim. Accordingly, we affirm the judgment of the trial
court. 
                                                             
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks, and Bland.