Opinion issued January 26, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00747-CV

———————————

Metropolitan Transit Authority, Appellant

V.

Wesley Wayne
Light, Appellee



 



 

On Appeal from the 334th District Court

Harris County, Texas



Trial Court Case No. 1014690

 



 

MEMORANDUM OPINION

          Metropolitan
Transit Authority (Metro) appeals from the trial court’s denial of its plea to
the jurisdiction pursuant to section 101.106(b) of the Texas Tort Claims Act.  In a single issue, Metro contends that the
trial court erred in denying its plea. We affirm.

Background

          Wesley
Wayne Light brought this personal injury action against Metro and its employee,
Henry Lopez, alleging that Lopez’s negligent operation of a Metro bus, while in
the course and scope of his employment with Metro, caused a car accident that
resulted in injuries to Lopez. After Metro moved to dismiss Light’s claims
against Lopez, Light filed an amended petition dropping Lopez as a defendant.
Metro then filed a plea to the jurisdiction asserting that section 101.106(b)
of the Texas Tort Claims Act barred Light’s claims against Metro because Light
originally filed suit against both a governmental unit, Metro, and its
employee, Lopez. See Tex. Civ. Prac. & Rem. Code Ann. §
101.106(b) (West 2011). The trial court denied Metro’s plea to the
jurisdiction, and this interlocutory appeal followed. See id. § 51.014(a)(8)
(West 2011).

Standard of Review

A plea to the jurisdiction challenges the trial court’s
subject-matter jurisdiction to hear a case. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Kamel
v. Univ. of Tex. Health Sci. Ctr.,
333 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The
existence of subject-matter jurisdiction is a question of law that we review de
novo. State Dep’t of Hwys. & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002); Kamel, 333 S.W.3d at 681. We may not
presume the existence of subject-matter jurisdiction; the burden is on the
plaintiff to allege facts affirmatively demonstrating it. Tex. Ass’n of Bus.
v. Tex. Air Control Bd.,
852 S.W.2d 440, 443–44, 446 (Tex. 1993); Kamel, 333 S.W.3d at 681. In deciding a plea to the jurisdiction, a
court may not consider the merit of the case, but only the pleadings and
evidence pertinent to the jurisdictional inquiry. Cnty. of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).

When we construe a statute, our primary objective is to
determine and give effect to the Legislature’s intent. Gonzalez, 82 S.W.3d at 327. We
start with the text because it is the best indication of the Legislature’s
intent. See Fresh Coat, Inc. v. K–2, Inc.,
318 S.W.3d 893, 901 (Tex. 2010) (“Our ultimate purpose when construing statutes
is to discover the Legislature’s intent. Presuming that lawmakers intended what
they enacted, we begin with the statute’s text, relying whenever possible on
the plain meaning of the words chosen.”) (citations and quotations omitted); Entergy Gulf States, Inc. v. Summers,
282 S.W.3d 433, 437 (Tex. 2009) (stating that practice when construing statute
is “to recognize that ‘the words [the Legislature] chooses should be the surest
guide to legislative intent.’”) (citing Fitzgerald
v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 866 (Tex. 1999)).
“When the words of a statute are unambiguous, then, this first canon is also
the last: ‘judicial inquiry is complete.’” Conn. Nat’l Bank v. Germain,
503 U.S. 249, 254, 112 S. Ct. 1146, 1149 (1992) (quoting Rubin v. United
States,
449 U.S. 424, 430, 101 S. Ct. 698, 701 (1981)). 
If the statute’s text is not determinative, we may also consider its
historical context, including legislative history and the circumstances under
which it was enacted or revised, and the consequences of a particular
construction. See Tex. Gov’t Code Ann. § 311.023 (West 2011).  

“We ‘read the statute as a whole and interpret it to give
effect to every part.’” Gonzalez,
82 S.W.3d at 327 (quoting Jones v. Fowler, 969 S.W.2d 429, 432 (Tex. 1998)). We interpret statutory
waivers of immunity narrowly, as the Legislature’s intent to waive immunity
must be clear and unambiguous. Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 655 (Tex. 2008).

Plea to the Jurisdiction

          The
parties agree that Metro is a governmental unit and that Light’s claims are
asserted under the limited waiver of immunity in section 101.021(1)(A) of the
Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §
101.021(1)(A) (West 2011) (waiving immunity for certain claims arising out of government
employee’s negligent operation of motor-driven vehicle). Light’s suit is
therefore subject to the Tort Claims Act’s procedural and jurisdictional
requirements, including the election-of-remedies provision in section 101.106
of the Act. See id. § 101.106. Section
101.106 provides:

(a) The filing of a suit under this
chapter against a governmental unit constitutes an irrevocable election by the plaintiff
and immediately and forever bars any suit or recovery by the plaintiff against
any individual employee of the governmental unit regarding the same subject
matter.

 

(b) The filing of a suit against any
employee of a governmental unit constitutes an irrevocable election by the
plaintiff and immediately and forever bars any suit or recovery by the
plaintiff against the governmental unit regarding the same subject matter
unless the governmental unit consents.

 

. . .

 

(e) If a suit is filed under this chapter
against both a governmental unit and any of its employees, the employees shall
immediately be dismissed on the filing of a motion by the governmental unit.

 

. . .

 

Id. 

Metro’s position is that it was
entitled to have Lopez dismissed under subsection (e) and then have itself
dismissed under subsection (b), leaving Light with no defendant against which
he may prosecute his claims. This Court has rejected this construction of the
election-of-remedies provision, which applies subsections (b) and (e) independent of, and without reference
to, each other and the remainder of the provision. See City
of Houston v. Esparza,
No. 01-11-00046-CV, 2011 WL 4925990, at *4–10 (Tex. App.—Houston [1st Dist.]
Oct. 7, 2011, pet. filed); City of Houston v. San Miguel, No. 01-10-01071-CV,
2011 WL 5429048, at *2–3 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, no. pet.
h.). We have held that subsections (b) and (e) must be construed together and
in the context of the provision as a whole. See Esparza, 2011 WL 4925990, at *6; San Miguel,
2011 WL 5429048, at *3. 

As a whole, section 101.106 compels a tort claimant to
choose at the time of filing between pursuing his claims against a governmental
unit or its employee. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106. When a claimant attempts to
circumvent the election and sue both, the provision effectively forces an
election of the governmental unit—the employee must be
immediately dismissed upon the governmental unit’s motion. See id. 101.106(e) (“If a suit is filed under this chapter against both a
governmental unit and any of its employees, the employees shall immediately be
dismissed on the filing of a motion by the governmental unit.”); see also Esparza, 2011 WL 4925990, at *5–6; San Miguel, 2011
WL 5429048, at *3. In this situation, subsection (a) forever bars the claimant
from pursuing his claims against the government employee, the un-elected
defendant, but subsection (b) does not also bar the claimant from pursuing his
claims against the governmental unit, his elected defendant. See Tex. Civ.
Prac. & Rem. Code Ann. § 101.106(a), (b); Esparza, 2011 WL 4925990, at *5–6; San
Miguel, 2011 WL 5429048, at *2–3. 

          Metro’s arguments, made before this
Court issued Esparza and San Miguel, are foreclosed by the analysis
and holdings in those cases. See Esparza, 2011 WL 4925990, at
*4–10; San Miguel, 2011 WL 5429048, at *2–3. We overrule Metro’s sole
issue.

Conclusion

          We affirm the trial court’s denial of
Metro’s plea to the jurisdiction. 

 

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.