Opinion issued May 31, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00248-CV

———————————

THE City of Houston, Appellant

V.

Rachel A. Lackey, Appellee



 



 

On Appeal from the 189th District Court

Harris County, Texas



Trial Court Case No. 2010-45385

 



 

MEMORANDUM OPINION

The City of Houston brings this interlocutory appeal from the trial
court’s order denying its plea to the jurisdiction on the negligence claims of
appellee, Rachel Lackey. [1]  In its sole issue, the City contends that,
because Lackey chose to file suit against both the City and its employee,
Will Reynolds, regarding the same subject matter, Lackey’s claims against the
City are barred by section 101.106(b) of the Texas Tort Claims Act.[2]  We affirm.

Background

          Lackey filed suit against both the
City and Reynolds, alleging personal injuries sustained when the City vehicle operated
by Reynolds backed into her vehicle as a result of Reynolds’ negligence while
in the course and scope of his employment with the City and, as such, the
City is liable under the doctrines of negligent entrustment and respondeat superior.

          The City filed a general denial and asserted governmental
immunity.  The City further asserted that
it could not be held vicariously liable for acts of its agents and employees
who are entitled to official immunity.  Reynolds
filed a separate answer in which he generally denied Lackey’s allegations and claimed
both governmental and official immunity.

          Pursuant to the Texas Tort Claims Act,[3] the
City subsequently moved to dismiss all of Lackey’s claims against Reynolds.  Lackey’s motion to “non-suit” her claims
against Reynolds were granted.[4]  Thereafter, the City filed a plea to the
jurisdiction, contending that because Lackey sued Reynolds, she had made an
irrevocable election to proceed against Reynolds under section 101.106(b) of
the Act’s election-of-remedies provision and was immediately and forever barred
from any suit or recovery against the City regarding the same subject matter.[5]  The
trial court denied the City’s plea to the jurisdiction and this interlocutory
appeal followed.

Discussion

Standard
of Review

          A
plea to the jurisdiction challenges the trial court’s subject-matter
jurisdiction to hear a case.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000); Kamel v. Univ. of Tex. Health Sci. Ctr., 333 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.]
2010, pet. denied). 
The existence of subject-matter jurisdiction is a question of law that
we review de novo.  State Dep’t of Hwys. & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex.
2002); Kamel,
333 S.W.3d at 681.  We may not presume the existence of
subject-matter jurisdiction; the burden is on the plaintiff to allege facts
affirmatively demonstrating it.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443–44, 446 (Tex. 1993); Kamel, 333 S.W.3d at 681.

          Whether a governmental entity is
immune from suit is a question of subject‑matter jurisdiction.  Tex. Dep’t of Transp. v.
Jones, 8 S.W.3d 636, 638–39
(Tex. 1999).  Determination of
that issue here turns on construction of the Act’s election-of-remedies
provision.  See Tex. Civ. Prac.
& Rem. Code Ann. § 101.106 (West 2011).  In construing a statute, our primary
objective is to determine and give effect to the Legislature’s intent.  Gonzalez, 82 S.W.3d at 327.  “[W]e ‘read the statute as a whole and interpret it to give effect to every part.’”  Id. (quoting Jones v. Fowler, 969 S.W.2d 429, 432 (Tex.
1998)).  With respect to a statutory
waiver of immunity, as in the Act, we interpret the waiver narrowly, as the
Legislature’s intent to waive immunity must be clear and unambiguous.  Mission Consol. Indep.
Sch. Dist. v. Garcia, 253
S.W.3d 653, 655 (Tex. 2008) (citing Tex.
Gov’t Code Ann. § 311.034
(West Supp. 2011)).

Analysis

          Relying
on Garcia, the City argues
that the election-of-remedies provision requires Lackey to sue either the City
or its employee, and a claimant who sues both loses the opportunity to sue the
City under section 101.106(b), or, in the City’s words, because Lackey “chose
to file suit against [the City’s] employee, Reynolds, regarding the same
subject matter, all her tort claims against [the City] were dead on arrival the
moment suit was filed.”  See Garcia, 253 S.W.3d at 655; see also Tex. Civ. Prac.
& Rem. Code Ann. § 101.106.  Lackey
responds arguing, inter alia, that section (b) is inapplicable to her suit.

          During
the pendency of this appeal, this Court has recently considered—and
rejected—the same arguments urged by the City in City of Houston v. Esparza.  No. 01-11-00046-CV, 2011 WL 4925990, at *4 (Tex. App.—Houston [1st
Dist.] Oct. 7, 2011, pet. filed)
(rejecting City’s contention that 101.106(b) bars suit against governmental
unit when suit originally filed against both governmental unit and employee); see also Tex. Dep’t of Aging and Disability Servs. v. Johnson, No. 01‑11‑00526‑CV, 2012
WL 27728, at *2–3 (Tex. App.—Houston [1 Dist.] Jan. 5, 2012,
no pet.) (mem. op.) (following Esparza;
holding trial court did not err in denying plea to jurisdiction).  Thus, we hold that the trial court properly
denied the City’s plea to the jurisdiction and we overrule the City’s sole
issue.    

 

 

 

 

Conclusion

          We affirm the order of the trial
court.

 

 

                                                                      Jim
Sharp

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.











[1]         See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(8) (West Supp.
2011) (permitting interlocutory appeals from court order that grants or denies plea
to jurisdiction by governmental unit).





[2]
        See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b)
(West
2011).  





[3]
        See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e)
(West
2011).  





[4]
        Although characterized as a
“non-suit,” this was technically
a voluntary partial dismissal of claims.  See C/S Solutions, Inc. v. Energy Maint. Servs. Grp. LLC, 274 S.W.3d 299, 306–07 (Tex.
App.—Houston [1st Dist.] 2008, no pet.).  Presumably because it granted Lackey’s
“non-suit,” the trial court never ruled on the City’s section 101.106(e)
motion.





[5]         See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b).