ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 29, 2012

The Honorable Anna Laura Cavazos Ramirez      Opinion No. GA-0937
Webb County Attorney
Post Office Box 420268                        Re: Authority of a county treasurer with regard to
Laredo, Texas  78042-0268                     the reconciliation of accounts of elected officials
                                              (RQ-1018-GA)

Dear Ms. Ramirez:

You ask for an opinion concerning which county official is responsible for reconciling the checks and orders for payment from special fund accounts.[1] As background, you explain that certain funds or accounts are created by statute and under the direct control of an elected county official other than the commissioners court.[2] Request Letter at 2. In Webb County, you note that the tax assessor-collector controls eleven such special fund accounts. *Id.* at 3. You tell us that in the past, the county treasurer has reconciled these special fund accounts for the tax assessor-collector. *Id.* However, after the Eighty-second Legislature amended Local Government Code section 113.008, the county treasurer refused the tax-assessor collector's request to continue reconciling the accounts. *Id.* You therefore ask us to opine on whose responsibility it is to reconcile these accounts.

Local Government Code section 113.008 states, in relevant part:

> (a)   The county depository shall provide statements of all bank activity and documentation supporting a statement's transactions not less than once a month to the county treasurer.
>
> (b)   The county depository shall provide the information required by Subsection (a) to the official responsible for the account if:

---

[1]Letter from Honorable Anna Laura Cavazos Ramirez, Webb Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1–2 (Oct. 31, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]As one example, the Legislature has authorized a county attorney, district attorney, or criminal district attorney to collect a fee for hot checks processed and collected by the attorney. TEX. CODE CRIM. PROC. ANN. art. 102.007(a) (West Supp. 2011). The fees are deposited into the county treasury in a special fund to be administered by the county attorney, district attorney, or criminal district attorney. *Id.* art. 102.007(f).

> (1)  the checks and orders for payment are payable from funds under the direct authority of an official other than the county treasurer as provided by statute; and
>
> (2)  the official has not delegated the responsibility for reconciliation under Subsection (b-1).
>
> (b-1) The official may request the county treasurer to be responsible for the reconciliation of the checks and orders for payment payable from the funds that are under the direct authority of the official. Except as provided by Subsection (g), an official who fails to reconcile the official's special accounts monthly shall transfer responsibility for account reconciliation to the county treasurer. Unless the official and county treasurer set another period in writing for the duration of a transfer under this section, the transfer is effective for the duration of the term of office for the designating officer.
>
> . . . .
>
> (f)  Except as provided by Subsection (g), an official with special funds in the depository bank shall:
>
> (1)  reconcile all balances and transactions in the statement of activity to the transactions and balances shown on the official's records; and
>
> (2)  each month, ensure all financial adjustments resulting from the reconciliation are reported to the county auditor for entry in the general set of records and reflected in the cash receipts and disbursement registers of the county treasurer.[3]

TEX. LOC. GOV'T CODE ANN. § 113.008 (West Supp. 2011) (footnote added). You first ask whether the county treasurer can "refuse a request by an elected official with special fund accounts to reconcile the checks and orders for payments from those special fund accounts."[4] Request Letter

---

[3]Subsection (g) explains that "Subsections (b-1) and (f)(2) do not apply to" certain funds not relevant to this request. *See* TEX. LOC. GOV'T CODE ANN. § 113.008(g) (West Supp. 2011).

[4]For purposes of this opinion, we will define "special fund accounts" by tracking the Legislature's language in subsection 113.008(b)(1), describing these accounts as "funds under the direct authority of an official other than the county treasurer as provided by statute." *Id.* § 113.008(b)(1).

at 1. You suggest that the newly-adopted subsection (f) "clearly identifies the elected official with special fund accounts as the individual responsible for reconciling all balances and transactions." *Id*. at 3. However, the plain language of subsection (b-1), which was also amended during the most recent legislative session, allows an official with direct authority for funds to request that the county treasurer be responsible for the reconciliation of the checks and orders for payment of those funds.[5] TEX. LOC. GOV'T CODE ANN. § 113.008(b-1) (West Supp. 2011). Subsection (b) further explains that an official with a special fund account is authorized by subsection (b-1) to "delegate" the responsibility for reconciliation to the county treasurer. *Id*. § 113.008(b). In instances where the official fails to reconcile the accounts monthly, the official "shall transfer responsibility" to the county treasurer. *Id*. § 113.008(b-1). While the Legislature did not expressly prohibit the county treasurer from refusing a request by an official to reconcile special accounts, when read as a whole the language of the statute implies that it is the county treasurer's duty to reconcile the special fund accounts if an official is unable or unwilling to do so.[6] *See Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998) (explaining that "legislative intent should be determined from the entire act" and that "we must read the statute as a whole"); *cf.* TEX. LOC. GOV'T CODE ANN. § 113.001 (West 2008) ("The county treasurer, as chief custodian of county funds, shall . . . account for all money belonging to the county."). Therefore, a county treasurer may not refuse a request by an official to reconcile the checks and orders for payments from special fund accounts under the authority of the official.

Your second question asks, "[i]f the county treasurer can refuse the request of the elected official, can the elected official refuse to reconcile the special fund accounts by simply not preparing them?" Request Letter at 1. Because we conclude that a county treasurer may not refuse the request of an official to reconcile the checks and orders for payments from special fund accounts, we do not address your second question further.

Your third question asks whether an elected official's refusal to reconcile special fund accounts can be designated a "failure" as described in the statute and, if so, what consequences exist for the failure. *Id*. at 2. If an elected official has delegated responsibility for reconciliation of special fund accounts to the county treasurer, as section 113.008(b-1) authorizes the elected official to do, the reconciliation is no longer a duty belonging to the elected official but instead is a duty belonging to the county treasurer. Thus, the elected official cannot be said to have failed to perform that duty. You ask only about the consequences that may exist for elected officials who do not reconcile accounts under their direct authority. Therefore, we do not address what consequences may exist if a county treasurer fails to reconcile special fund accounts as required by section 113.008.

---

[5]Act of May 19, 2011, 82d Leg., R.S., ch. 606, § 7, 2011 Tex. Gen. Laws 1465, 1466–67 (codified at TEX. LOC. GOV'T CODE ANN. § 113.008).

[6]In fact, subsection (b) requires the county depository to provide statements of all bank activity and documentation of the accounts only if "the official has not delegated the responsibility for reconciliation under Subsection (b-1)." TEX. LOC. GOV'T CODE ANN. § 113.008(b)(2) (West Supp. 2011). If an official has delegated responsibility for reconciliation, the only person receiving bank statements from the depository would be the county treasurer, making it impossible for the official to perform a reconciliation as required by subsection (f).

## S U M M A R Y

Pursuant to Local Government Code section 113.008, a county treasurer must reconcile the checks and orders for payment payable from funds that are under the direct authority of other county officials if those officials are unable or unwilling to perform the reconciliation themselves.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee